GEORGE L. MAYBERRY, executor, *vs.* CHARLES H. SPRAGUE.

Suffolk. November 28, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Jurisdiction*, Accounting. *Election. Judgment. Equity Pleading and Practice*, Taking bill *pro confesso*, Exceptions to rulings of judge, Final decree.

A bill in equity by an executor for an accounting, alleging that the defendant received $1,000 which in accordance with the terms of a certain contract he held in trust for the plaintiff's testator and which he wrongfully and fraudulently refused to turn over to the plaintiff and " wrongfully and fraudulently appropriated to his own use," states a good ground for relief, and a demurrer to it should be overruled.

A judgment in an action at law recovered against " the goods and estate " of a certain debtor in the hands of his assignee for the benefit of his creditors is not a judgment known to the law, and for that reason might perhaps be treated as a nullity, but, treating it as a judgment, it does not show an election on the part of the judgment creditor to look to the assignee personally for the satisfaction of his claim, and thus is no bar to a suit in equity by such creditor against the assignee seeking an accounting for and a recovery of the sum of money in his hands alleged to belong in equity to the plaintiff.

Where in a suit in equity the defendant fails to answer, it is right for a judge to order that the bill shall be taken *pro confesso*, and it is no reason for not making such an order, that the facts alleged show no ground for relief and do not warrant a decree, because taking the bill *pro confesso* merely means that the truth of the facts pleaded is established.

Where in a suit in equity exceptions to rulings made by the judge who heard the case are pending, the power of the judge to enter a final decree is suspended until the exceptions are disposed of.

BILL IN EQUITY, filed in the Superior Court on August 14, 1908, and, after a demurrer to it had been sustained, amended by the filing of a substituted bill on December 31, 1908, by which the plaintiff, as the executor of the will of Henry G. Houghton, sought to collect the balance of an execution, obtained by him in an action at law, against the goods and effects of Everett E. Hapgood and Swift N. Long in the hands and custody of the defendant as the assignee for the benefit of creditors of Hapgood and Long, as stated at length in the opinion.

The defendant demurred to the substituted bill. The demurrer was argued before *Richardson*, J., who made an order overruling the demurrer. The defendant alleged an exception to this order, which was allowed by the judge.

Later the case came on to be heard before the same judge on a motion of the plaintiff that the bill should be taken *pro confesso* for the reason that the defendant had failed to file an answer in accordance with an order of the court requiring him to file an answer on or before a certain day.

The defendant objected to the allowance or the motion and asked the judge to rule that the bill would not support any decree. The judge overruled the defendant's objection and refused to rule as requested, and ordered that the bill should be taken *pro confesso*. The defendant excepted to the refusal of the judge to rule as requested and to the order, and alleged exceptions, which were allowed by the judge.

Still later the case came on to be heard before *Wait*, J., on the plaintiff's motion for the entering of a final decree.

The judge made a decree that there was due from the defendant to the plaintiff the sum of $1,249.07 with interest thereon from July 6, 1908, and the defendant was ordered to pay forthwith to the plaintiff that sum of money with such interest, together with the costs of suit taxed at $25.53.

The defendant asked the judge to rule that the bill would not support this decree. The judge refused so to rule, and the defendant excepted.

The judge then ordered that the decree be entered, and the defendant excepted to the order. Thereupon the judge at the request of the defendant entered an order that the defendant have ten days in which to file his bill of exceptions. The de-

fendant alleged exceptions, which were allowed by the judge, if the matters alleged were properly the subject of exception.

The case was submitted on briefs.

*H. J. Jaquith*, for the defendant.

*W. V. Taylor*, for the plaintiff.

LORING, J.   The only question presented by the first bill of exceptions is whether the defendant's demurrer to the plaintiff's bill in equity was rightly overruled.

The following facts are alleged in the bill: The plaintiff's testator was a creditor of the firm of Hapgood and Long, and the defendant was a common law assignee of their property for the benefit of their creditors.   Before the assignment the plaintiff's testator had brought an action against the firm in which he had trusteed one Turnbull.   The firm claimed that Turnbull owed them upwards of $1,400, but this was disputed by Turnbull. Thereupon, on a day in April, 1902, not stated, the testator and the defendant assignee came to the following agreement, to wit: The assignee purchased the testator's claim and agreed to pay him therefor $1,375 from the funds collected from Turnbull, and, if so much as $1,375 should not be collected from Turnbull, then the assignee was to make up the difference from other funds belonging to him as assignee as aforesaid.   The " respondent Sprague subsequently received from said Turnbull $5,000 in settlement, which he holds as trustee for your complainant and which he wrongfully and fraudulently refuses to turn over to your complainant, and which he has wrongfully and fraudulently appropriated to his own use."   The plaintiff brought an action at law " against respondent Sprague in his capacity as assignee aforesaid," a verdict was ordered for the plaintiff, and he now holds an unsatisfied execution against the goods and estate of the firm in the hands of Sprague (the defendant) for $1,249.07.   A copy of this execution is annexed to the bill, and it appears from it that the sum of $1,249.07 is due with interest from July 6, 1908.

By the allegations of the bill which the defendant has admitted to be true he received from Turnbull $1,000, which he " fraudulently appropriated to his own use."   Under the agreement between the testator and the defendant the money received from Turnbull was the money of the plaintiff's testator in the hands of the defendant and therefore he could maintain a

bill in equity against the defendant for an accounting and to recover it.

It follows that this bill is well brought unless there is something in the technical defenses set up by the defendant to escape from accounting to the plaintiff for the money of the testator which he admits he " wrongfully and fraudulently appropriated to his own use." His main reliance is on the fact that the plaintiff brought an action at law on the contract. If he had sued the defendant personally for a breach of the contract there would have been ground for the contention that he had elected not to treat the fund of $1,000 as his own. But so far as appears the plaintiff did not undertake to hold the defendant liable for breach of the contract. What he seems to have undertaken to do was to bring an action at law which would result in a judgment against the funds of the firm in the defendant's hands. The execution recites that the plaintiff has "recovered judgment against the goods and estate which were of Everett E. Hapgood of Boston, in our County of Suffolk, and Swift N. Long of Cambridge, in said County of Middlesex, in the hands and custody of Charles H. Sprague of said Cambridge, assignee for the benefit of creditors of said Everett E. Hapgood and Swift N. Long, for the sum " etc. It would seem that what the plaintiff tried to do was to recover against this defendant as assignee the same sort of judgment that a creditor of a deceased person recovers against his executor or administrator. But the creditor of an assignor cannot recover such a judgment against his common law assignee. Moreover the judgment recited in the execution here in question is not the judgment entered in an action by a creditor of a deceased person against his executor or administrator. The judgment in such a case is that the defendant, as he is executor or administrator of the deceased, owes the plaintiff so much money, and the execution issued on that judgment runs against the goods and estate of the deceased in the hands and possession of the executor or administrator. A " judgment against the goods and estate " of a person named is not a judgment known to the law, and for that reason it might perhaps be treated as a nullity. But however that may be, by taking such a judgment (if it is to be treated as a judgment) the plaintiff did not elect to look to the defendant personally for breach of his

contract and to give up his right to the $1,000 in the defendant's hands as his money. See *Attorney General* v. *American Legion of Honor*, 196 Mass. 151. There is nothing in the other technicalities raised by the defendant which requires notice.

The second bill of exceptions presents the question whether the defendant having failed to answer, the judge was right in directing that the bill should be taken *pro confesso*. The defendant urges that he was wrong in so doing because the facts alleged do not warrant any decree. If it were true that the facts alleged do not state a cause of action and so do not warrant a decree, that is no reason for not entering a decree that they are true. All that taking a bill *pro confesso* means is that the truth of the facts pleaded is established.

The third bill of exceptions sets forth two exceptions: one to a refusal to rule that the bill would not support a decree. That we have disposed of in deciding that the demurrer was rightly overruled. The other is an exception to entering any decree at all. This exception must be sustained. So long as exceptions are pending the power of the court to enter a final decree is suspended. *McCusker* v. *Geiger*, 195 Mass. 46.

The last exception must be sustained. All other exceptions must be overruled.

*So ordered.*