MORRIS POFCHER *vs.* GERTRUDE FISHER, administratrix, & others.

Suffolk. March 25, 1930. — June 30, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Bills and Notes,* Indorser, Protest, Notarial certificate. *Evidence,* Notarial certificate. *Notary Public. Equity Pleading and Practice,* Decree pro confesso, Findings by judge, Requests and rulings.

A promissory note, indorsed by three persons, was payable in monthly instalments of $100, "the whole or any remainder thereof to be payable in any event, in or within one year and six months" from date. In a suit in equity by the payee to establish the indebtedness of the maker and indorsers, it was found that the first few instalments only were paid by the maker; that thereafter demand was made and notice of nonpayment given as to each instalment as it fell due, except one which became due four months after the date of the note; and that the demand and notice at the expiration of eighteen months related only to the instalment then due and not to the balance due on the note. The certificate of the notary who made the last demand and notice recited "Last or 14th Protest. . . . $100. payment on . . . [the face of the note]"; that he presented the original note to the maker and "demanded payment"; that, payment having been refused and "the note remaining unpaid," he "officially notified the endorsers of the said default." There was no evidence that there was any other note indorsed by the defendants to which the demand and notice could relate. The bill was taken *pro confesso* as to the maker and two of the indorsers. A final decree was entered ordering the defendant maker to pay the balance due and ordering the de-

fendant indorsers to pay only the last instalment. Upon appeal by the plaintiff, the evidence was not reported. Said notary's certificate was included in the record on appeal. *Held,* that

(1) The note matured eighteen months after its date;

(2) The finding by the trial judge with reference to the notary's certificate was treated by this court as a ruling of law thereon;

(3) The words "demanded payment" in the certificate, in view of the fact that the notary presented the note for payment, meant that payment of the whole balance due, and not merely the last instalment, was demanded;

(4) The words in the certificate, the "note remaining unpaid," in the circumstances meant that the whole balance due was unpaid and that the note was protested by reason thereof;

(5) The words "Last or 14th Protest" indicated that it was final protest of the note demanding all that was due, notwithstanding the recital "$100. payment on . . . [the face of the note]";

(6) The certificate should be interpreted as meaning that demand was made and notice of nonpayment given for the entire balance due;

. (7) There was nothing to show that the indorsers were misled by the notice of nonpayment;

(8) The third indorser, against whom the bill had not been taken *pro confesso,* was liable for the entire balance due less the instalment as to which no demand had been made and notice of dishonor given;

(9) The indorsers were not liable jointly: they were liable *prima facie* in the order of their indorsements; and the plaintiff had a separate cause of action against each of them;

(10) The defence made by the third indorser, that no demand was made and notice of dishonor given as to one of the instalments, therefore did not enure to the benefit of the two indorsers against whom the bill had been taken *pro confesso;*

(11) The decree was modified by ordering the third indorser to pay the balance due on the note less $100 and ordering the other two indorsers to pay the entire balance; and, as so modified, it was affirmed.

BILL IN EQUITY, filed in the Superior Court on July 7, 1928, and afterwards amended, to establish the indebtedness of the defendants on the promissory note described in the opinion and to reach and apply certain shares of corporate stock in satisfaction thereof.

The bill was taken *pro confesso* as to some of the defendants and was dismissed as to one of them. It then was heard by *Lummus,* J., who found that demand was made and notice of nonpayment given as to all the instalments of the note which were not paid, except the instalment due on August 22, 1927. Other material facts and a final de-

cree entered by order of the judge are described in the opinion. The plaintiff appealed. The evidence was not reported.

The case was submitted on briefs at the sitting of the court in March, 1930, and afterwards was submitted on briefs to all the Justices.

*A. G. Gould & H. Shapiro*, for the plaintiff.

*L. Wyman*, for the defendant Bessie Herscovitz.

CARROLL, J. This is a suit in equity by the payee of a negotiable promissory note to recover payment and to reach and apply shares of stock in the Sterling Investment Corp., owned by one of the indorsers, Bessie Herscovitz. The bill was taken as confessed against Gertrude Fisher, administratrix of the estate of Jacob Fisher, and against Louis D. Covich and Esther D. Covich. The bill was dismissed against Charles Herscovitz. It appeared that there were no shares of stock in the Sterling Investment Corp. that could be reached; that the sum of $177, received from this company and belonging to Bessie Herscovitz, was deposited with the clerk of the Superior Court. The bill was dismissed against this company.

Jacob Fisher, since deceased, made and delivered to the plaintiff a promissory note for $6,750, dated April 22, 1927, payable in monthly instalments of $100 each, "the whole or any remainder thereof to be payable in any event, in or within one year and six months" from the date of the note. The note was indorsed by Louis D. and Esther D. Covich, and by Charles and Bessie Herscovitz. The instalments to July 22, 1927, were paid. The judge found that the mortgage securing the note was foreclosed in September, 1927, and $1,000 received by the mortgagee; that this sum was applicable to the indebtedness; that the instalments due in July, August, September and October, 1928, were not paid; that the demand and notice of dishonor of October 22, 1928, related only to the one hundred dollar instalment due on that date, and did not relate to the balance due on the note, which was also due October 22, 1928, and at that time amounted to $4,950 and interest. A decree was entered against the administratrix of the

estate of Jacob Fisher in the sum of $5,857.46 and costs; Louis D. Covich, Esther D. Covich and Bessie Herscovitz were ordered to pay the sum of $438.88 and costs, and the sum of $177 was ordered to be paid the plaintiff to be applied in payment of costs, the balance to be "applied to the payment of said sum of" $438.88. The plaintiff appealed.

The plaintiff argues that the demand and notice of dishonor of October 22, 1928, as shown by the certificate of the notary, were a demand for payment of the balance of the note; that the notice of dishonor related to the total amount due on the note; and that the indorsers should be ordered to pay the entire balance due on the note.

As the note was dated April 22, 1927, and was to be paid "in or within one year and six months from this date," it matured October 22, 1928. If due demand were made and notice of dishonor given, the indorsers could be held for the entire balance. There was no evidence that any other note was indorsed by the defendant indorsers to which the presentment, demand and notice of dishonor could apply. The evidence was not reported; the certificate of the notary is a part of the record. We consider the finding of the judge as a ruling of law based on the notarial certificate. This certificate at the top has the words "Last or 14th Protest." It also recites "$100. payment on $6750." The certificate sets out that the notary on October 22, 1928, "went with the original note which is hereto annexed . . . duly presented the same and demanded payment at the place of residence, Chelsea, Mass., of the promissor, the wife answered 'no funds to pay the note today'. The note remaining unpaid, I have officially notified the endorsers of the said default, by written notice sent each by mail . . . in each notice requiring payment. Wherefore, I, the said Notary . . . have Protested, and by these Presents do solemnly Protest against the Drawer of said note Endorsers, and all others concerned therein, for Exchange, Re-Exchange, and all Costs, Charges, Damages, and Interest suffered and sustained, or to be suffered and sustained, by reason or in consequence of the non-payment

thereof." While reference is made to the last or fourteenth instalment and the payment of $100 on the $6,750, which last amount was greater than the actual amount then due, the certificate should be interpreted as meaning a protest of the note which was then due and not merely a demand for payment of the last instalment of $100. The notary had possession of the note, he presented the note and demanded payment. In the opinion of the majority of this court, these words, "demanded payment," coupled with the fact that the notary had the note in his possession and presented the note for payment, mean that payment of the note and not merely payment of the final instalment was demanded. The certificate further states, "The note remaining unpaid," notice was sent to the indorsers. The interpretation to be given the certificate, including the words "The note remaining unpaid," is that the balance due on the note was unpaid and the note was protested because of this. There is nothing in the body of the certificate indicating that the demand was in any way limited to one instalment. The form of the protest is designed to certify a demand of all that is due on the date, whether the amount due is an instalment or both an instalment and a balance; and the words "Last or 14th Protest" which appear on the certificate indicate that it was the last or final protest of the note demanding all that was due; the force of these words is not cut down by the words and figures "$100. payment on $6750."

The certificate of the notary was *prima facie* evidence of the facts therein stated. G. L. c. 107, § 13. See *Legg* v. *Vinal*, 165 Mass. 555. It was found that there was no evidence that there was "any other note indorsed by these defendants to which the presentment demand and notice of dishonor of October 22, 1928 could apply, or that the indorsers were misled thereby." The administratrix of the maker must have known when the note was presented to her that demand was made to pay it, and the indorsers were not misled by the notice that demand was made for payment of the amount due on the note, that the note remained unpaid "the time limited having elapsed." *Gilbert*

v. *Dennis*, 3 Met. 495. The indorsers had seasonable notice of the fact of nonpayment when the note was due. They knew or should have known the sum due, and no injustice is done in requiring them to pay the amount due on the note.

The judge found that no presentment or notice of dishonor of the instalment due August 22, 1927, was given; this sum should be deducted from the sum which Bessie Herscovitz is to pay.

As to Louis D. Covich and Esther D. Covich, indorsers of the note, the bill was taken *pro confesso*, and the question remains whether they should be allowed for the instalment of August, 1927, for which no demand was made. When a bill is taken *pro confesso* the truth of the facts is established and if these facts are sufficient to authorize relief, a decree is to be entered against such parties in accordance with the frame of the bill. *Mayberry* v. *Sprague*, 207 Mass. 508, 512. *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 374, 375. *Boston Safe Deposit & Trust Co.* v. *Stratton*, 259 Mass. 465, 476, 477. *Prudential Trust Co.* v. *McCarter*, 271 Mass. 132. And so, where there is but one cause of action and the parties are jointly liable and only one appears and makes a defence, which defence applies alike to all the defendants, showing that the plaintiff is entitled to no relief against any of the joint defendants, the proof will enure to all and the plaintiff can have no relief against any of the defendants, although against some of them the bill was taken as confessed. *Mulrey* v. *Carberry*, 204 Mass. 378. But this principle applies only to parties jointly liable. It does not apply to parties severally liable. If some of the parties not jointly liable do not appear and the facts alleged are sufficient to give relief, they cannot avail themselves of the defence established by the party appearing and making the defence. See *Lingan* v. *Henderson*, 1 Bland, 236, 263; *Simpson* v. *Moore*, 5 Lea, 372.

The facts alleged in the plaintiff's bill state a cause of action; they entitled the plaintiff to relief and payment of the full amount due on the note. The indorsers on the note were not jointly liable, they were liable *prima facie* in

the order of their indorsement.   G. L. c. 107, §§ 86, 91.
*Bamford* v. *Boynton,* 200 Mass. 560.   The defence that no
demand was made or notice of dishonor given on the instal-
ment of August, 1927, therefore, did not benefit the in-
dorsers who admitted the facts and against whom the bill
was confessed.   There were several distinct causes of action
against the several defendants; the parties who did not
appear may have expressly or impliedly waived present-
ment and notice of dishonor of this particular instalment.
G. L. c. 107, §§ 105, 132.

The decree is to be modified by ordering the defendant
Bessie Herscovitz to pay the full amount due on the note
with interest, deducting the sum of $100 as of August 22,
1927, the date when that instalment was due; and it is to
be further modified by ordering Louis D. Covich and Esther
D. Covich to pay the full amount due on the note with
interest; as so modified the decree is affirmed with costs.

*Ordered accordingly.*