CHARLES E. PERKINS vs. ADDIE R. HORTE & others.

Norfolk.    March 10, 1933. — March 13, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Appeal.  *Equity Jurisdiction*, Accounting.
    *Curtesy.    Tenants in Common.*

Where, in a suit in equity for an accounting, the report of a master was
    confirmed without objection by the plaintiff, a final decree was en-
    tered ordering certain payments to be made to the plaintiff in accord-
    ance with an account stated by the master, and the plaintiff appealed
    from the final decree only, there was no merit in a contention by the
    plaintiff at the argument in this court that, because his right to recover
    anything had been contested and his attention had been centered on
    that point at the hearings before the master, he was entitled to a
    further hearing on the account: he had had his day in court.

BILL IN EQUITY, filed in the Superior Court on March 24,
1932, described in the opinion.

The suit was referred to a master.  Material facts are
stated in the opinion.  By order of *Fosdick*, J., there were
entered an interlocutory decree confirming the master's
report; and the final decree described in the opinion.  The
plaintiff appealed from the final decree.

*C. E. Perkins, pro se*, submitted a brief.

No argument nor brief for the defendant.

RUGG, C.J.  The plaintiff in this suit in equity seeks to
recover his share of rents and of the proceeds of a sale of
real estate in which he asserted rights as tenant by the
curtesy.  The bill alleges that the father of the wife of the
plaintiff died intestate in 1896, seised of the real estate,
leaving a widow who died in 1924 and two daughters, the
defendant Horte and the wife of the plaintiff; that the
wife of the plaintiff, being thus a part owner of the real
estate, died intestate in 1897 leaving the plaintiff and three
children; that the mother of the plaintiff's wife never had
dower assigned to her but occupied the real estate by com-

mon consent until her death; that the defendant Horte collected the rents derived from this real estate until 1929 when it was sold; that there has been no distribution of rents or of the proceeds of the sale. The prayers are for an accounting by the defendant Horte of the rents collected and of the proceeds of the sale and for other relief. The case was sent to a master whose report contains findings of facts and states the accounts. There is no report of the evidence. No exceptions were taken to the report. An interlocutory decree was entered confirming it. The case then was heard by a judge who entered a decree ordering the defendant to pay to the plaintiff (1) the sum found to be owing him from the net income of the real estate being one half thereof with interest from the filing of the bill, (2) the income received from one half the proceeds of the real estate, and (3) establishing the right of the plaintiff to have one half the net proceeds of the real estate paid to some suitable trustee in trust to pay the net income to the plaintiff during his life and at his decease to be distributed to such persons as may then be entitled to the same, with further perfecting provisions, and awarding no costs to any party. The plaintiff alone appealed from this decree.

The plaintiff argues that because his right to recover anything was contested, and his attention was centered on that point at the hearings before the master, he is now entitled to a further hearing on the account. There is no merit in this contention. The plaintiff brought his bill. He had his day in court. It was his privilege and duty then to present all his evidence in support of every issue raised by his bill and the answers or else forever after remain silent. The matter of costs in this suit in equity was entirely within the discretion of the judge. G. L. (Ter. Ed.) c. 261, § 13. *Lewenstein* v. *Forman*, 223 Mass. 325, 328. Rule 5 of the Superior Court (1932). Other suggestions presented by the plaintiff are irrelevant to any issue raised by the appeal and need not be discussed.

*Decree affirmed.*