JACOB DONDIS *vs.* DAVID LASH & others.

Bristol.   October 24, 1932. — June 27, 1933.

Present: RUGG, C.J., CROSBY, WAIT, & LUMMUS, JJ.

*Equity Pleading and Practice,* Decree: after rescript; Appeal; Costs.
  *Equity Jurisdiction,* Conveyance in fraud of creditors.

Where, upon appeal from a final decree entered after rescript in a suit
  in equity, the record showed merely that the rescript ordered the entry
  of a decree "establishing the amount due to the plaintiff from the
  defendant on the basis of an unpaid balance of indebtedness at the
  date of the filing of the bill of . . . [a certain sum], . . . subject to
  such modifications as subsequent events may require," and that the
  decree entered declared such unpaid balance due from the defendant
  to be a substantially larger sum, there being no report of evidence
  heard or of facts found at the hearing on the entry of the decree nor
  anything to show how the sum therein stated was computed, it could
  not be said by this court that the decree was not in substantial con-
  formity to the rescript; and there was no merit in the appeal.
A rescript from this court in a suit in equity directed the entry of a de-
  cree granting to the plaintiff whatever relief might be required on the
  facts under G. L. (Ter. Ed.) c. 109A, with respect to a fraudulent
  conveyance of land by one of the defendants to another defendant.
  A final decree entered after rescript directed that the first defendant
  should pay forthwith a sum then due from him to the plaintiff and
  "furnish to the plaintiff sufficient security by bond or otherwise to
  satisfy the unmatured balance" of his indebtedness to the plaintiff,
  and that, if said defendant should fail to do such things within ten
  days, a receiver should be appointed to sell the real estate subject
  "to the dower rights of" said defendant's wife.  *Held,* that
    (1) The first defendant had no just ground for complaint by reason
  of the provision of the decree with respect to his furnishing security,
  although there was no specific provision therefor in said c. 109A;
    (2) The provision of the decree as to dower was sufficient.
In a final decree dismissing the bill in a suit in equity as to certain de-
  fendants, there was no error in awarding costs to some of such defend-
  ants and not to others: the matter of costs in equity rests entirely in
  sound judicial discretion.

BILL IN EQUITY, filed in the Superior Court on March 26,
1929.

The suit previously was before this court upon an appeal
from a final decree; and, in a decision reported in 277 Mass.
477, the following rescript was sent, in part:

"Final decree reversed; decree to be entered establishing the amount due to the plaintiff from the defendant on the basis of an unpaid balance of indebtedness at the date of the filing of the bill of $14,618.97, as found by the master, subject to such modifications as subsequent events may require and granting whatever relief the facts as disclosed by the master's report or by further hearing may require with respect to the conveyance of the . . . property from the defendant David Lash to the defendant Sarah Cohen . . . under the terms of c. 109A inserted in the General Laws by St. 1924, c. 147, and awarding the plaintiff his costs. The precise form of the decree to be fixed in the Superior Court."

By order of *C. H. Donahue,* J., a final decree after rescript was entered dismissing the bill as against ten of the defendants and awarding costs to some of such defendants and not to others. Other material provisions of such decree are described in the opinion. Certain defendants appealed therefrom.

*J. A. Cohen,* for the defendants.

*J. B. Kelley, Jr.,* (*A. E. Seagrave & L. I. Bakst* with him,) for the plaintiff.

RUGG, C.J. This is an appeal from a final decree after rescript accompanying the decision reported in 277 Mass. 477. The record in the case at bar consists of a copy of the rescript, of the final decree after rescript, and of an appeal from that decree by David Lash, Sarah Cohen, and the administrator of the estate of Alexander C. Lash, and nothing more. There is no finding of facts.

On appeal from a final decree in equity on such a bald record as this, without report of evidence and without a finding of facts, the only question presented is whether as matter of law the decree could rightly have been entered on the pleadings. *Levinson* v. *Connors,* 269 Mass. 209.

There can be no appeal from a final decree entered substantially in accordance with a rescript of this court. "Where the form of the final decree or judgment is not embodied in the rescript or mandate, in appropriate cases examination will be made on appeal of the subsequent

record, in order to ascertain whether it is in accordance with the mandate or rescript. If the decree or judgment is in accordance with the rescript or mandate, ordinarily the appeal will be dismissed and the final decree or judgment will stand as if there had been no appeal." *Boston, petitioner,* 223 Mass. 36, 37. *Cole* v. *Holton,* 274 Mass. 238.

The rescript in the case at bar did not state the form of the final decree but ordered among other matters not now material that a final decree be entered "establishing the amount due to the plaintiff from the defendant on the basis of an unpaid balance of indebtedness at the date of the filing of the bill of $14,618.97, as found by the master, subject to such modifications as subsequent events may require." The final decree after rescript in its paragraph 2 declares the unpaid balance of indebtedness of the defendant David Lash to the plaintiff to be $18,003.33.

It is manifest from the form of the rescript that evidence or statements of fact in place of evidence might be pertinent upon the hearing for final decree after rescript in two respects at least. (1) The rescript contains no division between principal and interest of the $14,618.97 constituting the unpaid balance of indebtedness. That division must be determined in some way. (2) The modifications in that sum required by subsequent events must be determined. These matters were not set out in detail in the master's report printed as part of the record when the case was here before.

The defendant David Lash invokes rules for computation of interest to allocate the unpaid balance of indebtedness between principal and interest and then to ascertain the amount due at the date of the final decree. This method is not convincing. A mere matter of arithmetical calculation would naturally be agreed upon by the parties. The parties, however, are in controversy as to the way in which the indebtedness established by the final decree after rescript was ascertained and as to the correctness of the method employed to that end. If the defendant David Lash desired this court to review those or any other factors connected with the sums stated in the final decree, he ought

to have requested the trial judge to report the material facts in order that there might be basis for such review. G. L. (Ter. Ed.) c. 214, § 23. *Building Inspector of Salem* v. *Gauthier,* 259 Mass. 615. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214. By reason of his failure to do this, there is no adequate basis for reversing this part of the decree. We have no means of knowing what evidence, statements or calculations may have been presented at the hearing for final decree after rescript, or what was in the mind of the trial judge in arriving at the figures embodied in the final decree. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 300. The defendant David Lash has presented a series of calculations designed to show error in the sums of money stated in the decree, but we are not prepared to say on this meagre record that he is right, or to indulge in speculations on that point, when by following correct procedure all the material facts might have been put in the record at his request.

The final decree after rescript in paragraph 1 adjudges the conveyance by the defendant David Lash to the defendant Sarah Cohen to be fraudulent as against the plaintiff; in paragraph 3 orders the defendant David Lash "to pay forthwith to the plaintiff the sum now due and payable" with costs of suit, both being specified; in paragraph 4 orders the defendant David Lash "to furnish to the plaintiff sufficient security by bond or otherwise to satisfy the unmatured balance" of both principal and interest of his note to the plaintiff; and in paragraph 5 it is decreed that in the event the defendant David Lash "shall refuse or shall neglect to pay to the plaintiff within ten days from the date of this decree" the sums specified in paragraph 3 "and by bond or otherwise furnish to the plaintiff" the security specified in paragraph 4, then a receiver is appointed to sell the real estate found to have been fraudulently conveyed by the defendant David Lash. These provisions of the decree must be construed together. Doubtless the annulment of the conveyance by David Lash to Sarah Cohen only restored to the plaintiff and to his debtor as to each

other their respective rights as they existed before that conveyance was executed. *Redmond* v. *Hayes,* 116 Minn. 403, 407–408. *First National Bank of Detroit* v. *Skidmore,* 267 S. W. 1051, 1055. No specific provision is made in St. 1924, c. 147, now G. L. (Ter. Ed.) c. 109A, touching the furnishing of security by the debtor in these circumstances. Perhaps the amount of security in some conditions should equal, not the unmatured balance of the plaintiff's claim, but the difference between the amount to be paid forthwith and the value of the debtor's equity in the fraudulently conveyed real estate. It is quite conceivable that such an alternative in some instances, resting as it must upon estimates of value, might work an injustice to the creditor. However that may be, the frame of the present decree offers to the debtor the alternative (1) of paying forthwith his present indebtedness and furnishing security for the unmatured balance, or (2) of suffering a sale of the fraudulently conveyed property by an officer of the court. There was no requirement of law that such choice be offered to the defendant. The final decree might simply have ordered the sale of the fraudulently conveyed property in conformity to St. 1924, c. 147, § 10; G. L. (Ter. Ed.) c. 109A, § 10. The addition of the noncompulsory alternative as to furnishing security does not appear to afford the debtor just ground for complaint on this record.

The order for sale in the final decree is definite to the effect that the sale and conveyance of the fraudulently conveyed real estate by the officer of the court shall be subject "to the dower rights of Florence Lash." That is sufficiently precise to protect such dower right and to insure a fair sale without special repetition of the dower reference in confirmatory deed of Sarah Cohen. Such confirmatory deed would convey no more than was described in the deed of the receiver.

There was no error in awarding costs in favor of some defendants and not awarding costs to other defendants against whom no relief was afforded. The matter of costs in equity rests entirely in sound judicial discretion. G. L.

(Ter. Ed.) c. 261, § 13.   *Perkins* v. *Horte,* 282 Mass. 301.
*Fitzgerald* v. *Heady,* 225 Mass. 75, 77.   *Carchidi* v. *Kalayjian,*
264 Mass. 230.   *Barnes* v. *Springfield,* 273 Mass. 283, 286.

*Decree affirmed with costs.*