CHARLES E. PERKINS *vs.* CARL F. ANDERSON.

Norfolk.     November 6, 1935. — November 7, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Deed*, Interest conveyed. *Curtesy.*

</div>

Joinder by a tenant by the curtesy as grantor in a quitclaim deed of land conveys his entire title.

WRIT OF ENTRY dated February 11, 1935.

The case was heard in the Land Court by *Davis*, J., who found for the tenant. The demandant appealed and alleged exceptions.

*C. E. Perkins, pro se.*

*C. W. Nash*, for the tenant, submitted a brief.

BY THE COURT. This is a writ of entry. The facts found are that one Samuel Hilton died intestate in 1896, seised of the demanded premises, leaving a widow, who died in 1924, and two daughters, Addie R. Horte and Carrie H. Perkins, the latter being the wife of the demandant. The wife of the demandant died intestate in 1897, leaving the demandant and three sons surviving her. In 1929 the demandant, together with Addie R. Horte and his three sons, executed a statutory quitclaim deed of the demanded premises to the tenant. That deed was duly acknowledged and recorded. The demandant had an interest in the demanded premises after the death of his wife as tenant by the curtesy. *Perkins* v. *Horte*, 282 Mass. 301. *Comer* v. *Chamberlain*, 6 Allen, 166. Pub. Sts. c. 124, § 1. His deed of 1929 conveyed his entire interest in the demanded premises to

the tenant. Thereafter he had no title therein. G. L. c. 184, § 9; c. 183, § 2. There was no error in the denial of certain requests for rulings made by the demandant.

*Exceptions overruled.*

*Appeal dismissed.*