RUTH LOUISE JONES PAGE *vs.* CHARLES LEONARD PAGE (and a companion case). July 7, 1952. Decree affirmed in each case. In these two petitions, one filed by the husband and one by his wife, each petitioner seeks an order by the Probate Court for the custody and maintenance of their minor child Bonnie Louise Page. The husband and wife are actually living apart. On the petition of the husband a decree was entered awarding custody of the child to one Bertram Page, the paternal grandparent of the child, accompanied by an order that he pay to the custodian for the maintenance of the child $10 per week. The petition of the wife was dismissed. She has appealed from each decree. There were findings of material facts wherein it was found that neither the father nor the mother was a suitable person to have custody of the child and that the welfare of the child would be best served by giving custody to the grandparent. See *Richards* v. *Forrest,* 278 Mass. 547; *Perry* v. *Perry,* 278 Mass. 601; *Cassen* v. *Cassen,* 315 Mass. 35. Compare *Hersey* v. *Hersey,* 271 Mass. 545; *Bottoms* v. *Carlz,* 310 Mass. 29; *Gordon* v. *Gordon,* 317 Mass. 471. It is unnecessary to recite the facts on which the judge's conclusions were based. His findings are sufficient to support the decrees.

*Edwin H. Lyman, Jr.,* for Ruth Louise Jones Page.
*Sanford Keedy,* for Charles Leonard Page, submitted a brief.

W. C. DAVIS & others *vs.* VIRGESS HILL & others. October 9, 1952. Decree affirmed. The defendants' brief describes this case as a bill in equity by members of one church against the officers of another church for a determination of title to certain real estate. After hearing a final decree was entered dismissing the bill. The plaintiffs appealed. The evidence is not reported. There is no finding of material facts. The only question now open is whether as matter of law the decree dismissing the bill would be permissible on the pleadings. *Dondis* v. *Lash,* 283 Mass. 353, 354. It is obvious that such a decree could be entered on the pleadings.

*Keesler H. Montgomery,* (*Lawrence F. O'Donnell* with him,) for the plaintiffs.
*Timothy H. Donohue,* for the defendants. .