E. M. LOEWS, INC. *vs.* TOBE C. DEUTSCHMANN & others.

Suffolk.    October 9, 1957. — February 19, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Equity Jurisdiction*, Specific performance. *Equity Pleading and Practice*, Taking bill for confessed, Decree, Rehearing, Suit for specific performance.

An interlocutory decree taking a bill in equity for confessed establishes the facts and leaves open the question of the proper final decree on those facts. [44]

The plaintiff in a suit in equity seeking specific performance of a contract whereby the defendant was to convey to him sixty acres of the defendant's land, the part not to be included in the sixty acres to be

"designated by the [plaintiff] buyer prior to taking title to the land conveyed," should have alleged in the bill that he had identified the sixty acres by such a designation; a final decree ordering a conveyance of the defendant's land "excepting . . . the excess over sixty . . . acres thereof as designated by the plaintiff prior to taking title" left to future determination a matter susceptible of dispute. [47]

In a suit in equity for specific performance by the seller of a contract for sale of land providing that the buyer's performance was "contingent upon" his obtaining a license to operate a theatre on the land involved but that he nevertheless should have an option to take title in case he should be unable to obtain the license, and that a portion of the purchase price was to be paid by an instalment mortgage note containing a provision that none of the instalments of principal should be payable until a theatre had been constructed on the land and was in operation, where it appeared that the buyer had been unable to obtain the license but had notified the seller of his election to perform the contract notwithstanding, a final decree ordering specific performance should not have included, with respect to the note to be given by the buyer, such provision concerning deferment of principal payments, which had become inapplicable. [47]

Upon the record in a suit in equity seeking specific performance by the seller of a contract for sale of land, in which there had been a final decree ordering specific performance following an interlocutory decree taking the bill for confessed, this court determined that, although the final decree must be reversed, there were sufficient facts alleged in the bill to justify a trial on the merits and the bill should not be dismissed, that the plaintiff should be given leave to amend the bill and the defendant leave to answer, and that thereupon the decree taking the bill for confessed should be vacated and the suit stand for trial; and the suit was remanded for further action accordingly. [47]

BILL IN EQUITY, filed in the Superior Court on July 8, 1955.

The final decree was entered by *Rome,* J.

*David Burstein,* for the defendants Deutschmann.

*Joseph M. Koufman,* (*Phil Fine* with him,) for the plaintiff.

WILLIAMS, J. This is a suit to obtain specific performance by the defendants Tobe C. Deutschmann and his wife, Julie, of a written agreement dated March 10, 1955, to convey to the plaintiff or its nominee land in Canton, and to restrain a third defendant, Alfred W. Baldwin, from transferring or encumbering his interests as subsequent mortgagee of the land and as assignee or pledgee of the contract. Interlocutory decrees were entered taking the plaintiff's bill for confessed against all defendants under Rule 25 of the Superior

Court (1954) and a final decree granting the plaintiff specific relief. The case is here on the appeal of Deutschmann and his wife, hereinafter referred to as the defendants, from the final decree.

The question for decision is whether upon the facts alleged in the plaintiff's bill, which have been established by the interlocutory decrees, *Mayberry* v. *Sprague*, 207 Mass. 508, 512; *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 374–375; *Boston Safe Deposit & Trust Co.* v. *Stratton*, 259 Mass. 465, 476–477; *Grant* v. *Pizzano*, 264 Mass. 475, 480–481; *Prudential Trust Co.* v. *McCarter*, 271 Mass. 132, 136; *Pofcher* v. *Fisher*, 272 Mass. 78, 83, the decree rightly could have been entered. *Levinson* v. *Connors*, 269 Mass. 209, 210. *Dondis* v. *Lash*, 283 Mass. 353, 354. *Davis* v. *Hill*, 329 Mass. 764.

The contract, a copy of which is annexed to the bill, provided for the conveyance on July 1, 1955, of sixty acres of the land of Deutschmann in Canton described by metes and bounds. That part of the land which was not to be included in the sixty acres should "be designated by the buyer prior to taking title to the land conveyed" and the seller should have a right of way of twenty-five feet to the excepted land. A quitclaim deed was to run to the buyer or to such person or corporation as he should designate seven days beforehand.

It was "expressly understood and agreed that the performance of this contract by the buyer is contingent upon the buyer, or the buyer's nominee, being licensed by the town of Canton prior to June 24, 1955, to conduct a motion picture theatre upon the . . . described premises. The buyer agrees that it or its nominee will file an application to operate a theatre on said premises and will prosecute such application diligently. If the buyer or the buyer's nominee is unsuccessful in its efforts to obtain a license to operate a theatre on the said premises then notwithstanding the failure to procure such license the buyer shall have the exclusive option to take title to the aforedescribed premises in accordance with this agreement."

The purchase price was to be $185,000 of which a loan of $25,000 to the seller by one Loew was to be applied on account and the sum of $160,000 was to be paid in the form of a promissory note, secured by mortgage, payable by quarterly instalments in fifteen years and bearing interest at four and one half per cent per annum. "It is also agreed that the said promissory note shall contain a provision that no payments of principal shall be due or payable until a theatre has been constructed on the premises and is in operation." Time was stated to be of the essence of the agreement and the time for delivery of the deed and payment of consideration set at "twelve o'clock noon of the date fixed for conveyance, at the registry of deeds or the registry district in which said deed should by law be recorded or registered." The obligations of the parties should cease if the seller could not convey title as stipulated, unless the buyer elected to accept the title offered with a reasonable deduction for title defects.

The plaintiff alleged "That on dates prior and subsequent to June 24, 1955, your plaintiff through its agents notified the defendant, Tobe C. Deutschmann, that it had made efforts to obtain a license from the town of Canton to conduct a motion picture theatre upon the said premises and was unable to obtain the same and notwithstanding the failure to procure such a license that it was ready, willing and able to carry through all of the requirements of the aforesaid agreement and to perform all of its obligations under the aforesaid agreement. . . . That by letter dated the 30th day of June, 1955, the defendant, Tobe C. Deutschmann, through his attorney notified your plaintiff that he did not intend to carry out and execute the provisions of the contract herein referred to and annexed as exhibit 'A.' . . . That on the first day of July, 1955, in accordance with the provisions of the aforesaid agreement the plaintiff through its agent was present at the Norfolk County registry of deeds at twelve o'clock noon and there made tender to the defendant, Tobe C. Deutschmann, and was then and there ready to perform in all particulars the requirements of

the aforesaid contract. . . . that the defendant, Tobe C. Deutschmann, failed to appear at said Norfolk County registry of deeds on the first day of July, 1955, and has refused and still refuses and neglects to carry through all of the requirements of the said agreement."

The final decree provided that within thirty days after its entry Deutschmann shall convey to the plaintiff or its nominee the "following described land with the buildings thereon excluding and excepting however, the excess over sixty (60) acres thereof as designated by the plaintiff prior to taking title," or "if the defendant shall be unable to give title . . . , such title as the defendant has to the premises in their condition at the time of conveyance upon election by the plaintiff and subject to a reasonable deduction of the purchase price"; that simultaneously Deutschmann deliver to the plaintiff or its nominee a bill of sale of the fixtures on the premises; that Julie Deutschmann join in the conveyances; that the defendant Baldwin deliver a partial release of mortgage; that simultaneously the plaintiff deliver up the $25,000 note from Deutschmann to E. M. Loews, Inc., and discharge the mortgage securing it; and that the plaintiff or its nominee deliver a promissory note for $160,000 substantially as provided in the agreement, payable in or within fifteen years with "quarterly payments of principal and interest on a direct reduction basis except that instalments of principal shall be excused until such time as a theatre had been constructed and is in operation on the premises."

The "following described land" to which the final decree referred was the land as described in the copy of the contract printed in the record. It is brought to our notice by a written stipulation of the plaintiff and the defendants, which has been approved by the trial judge and was presented to us at the time of oral argument, that this printed description was not a correct copy of the description of the land in the contract. It appears from a correct copy of the contract annexed to the stipulation that the description of the land had first been typed and then to some extent

changed by interlineations in longhand. The interlineations were omitted from the printed record. Whether the changes were in fact material we are unable to determine but on its face the alterations create a doubt as to the exact description of the land from which the parties intended the sixty acres to be conveyed.

Additional uncertainty as to the land which is the subject of the bill arises from the failure of the plaintiff to allege that it has pointed out the sixty acres by designating as provided by the contract the land of the defendants to be excepted from the conveyance. Such designation is an act required to be performed by the plaintiff before the defendants can be ordered to convey. The provision in the decree that Deutschmann convey his land "excepting . . . the excess over sixty (60) acres thereof as designated by the plaintiff prior to taking title" leaves to future determination a matter which may well be the subject of dispute.

We think the provision that the plaintiff be excused from paying on its note instalments of principal until a theatre has been constructed and is in operation should be eliminated from the decree. Although in literal compliance with a term of the contract that the note to be given should contain such a provision it manifestly was not intended to apply in case a license for a theatre should not be obtained. There is no occasion to provide for a conveyance to the plaintiff's nominee as it does not appear that one was named "at least seven days" before the date for conveyance.

Although in our opinion the final decree should be reversed the bill should not now be dismissed. There are sufficient facts alleged in the bill to justify a trial upon the merits. To effectuate this the plaintiff should be given leave to amend its bill and the defendants permission to answer.

The final decree is reversed and the case remanded to the Superior Court. When the bill is amended the interlocutory decrees to take the bill for confessed against the defendants Deutschmann should be vacated, these defendants allowed to answer, and the case stand for trial.

*So ordered.*