HILDA S. BURLINGHAM *vs.* HAZEN H. AYER, executor, & others. January 11, 1966. In their answers and demurrers to this petition in equity for an accounting and for other relief the respondents included a plea of laches. Evidence was introduced on that plea. The probate judge concluded "that the petitioner is barred from maintaining the petition for the reason of laches." The pleadings justify this conclusion. Since the evidence is not reported and there is no report of material facts, no error has been shown in the decree dismissing the petition. *Dondis* v. *Lash,* 283 Mass. 353, 354. *Davis* v. *Hill,* 329 Mass. 764. See *Massa* v. *Stone,* 346 Mass. 67, 72.

*Decree affirmed.*

*Joseph G. Crane* for the petitioner.
*Philip R. White (James E. Kelley, Jr., John N. Worcester, & Joseph H. Choate, 3rd,* with him) for the respondents.

ORIENT REALTY COMPANY, INC. *vs.* ANTHONY C. ASSAD & another. January 13, 1966. The plaintiff in this suit in equity has appealed from a final decree dismissing the bill. It now appears that during the pendency of the suit the plaintiff conveyed the land which it once owned on Emile Street in Worcester. The plaintiff's ownership of that land was the sole basis upon which it could have claimed any right to a mandatory injunction regarding the projection of the defendants' house into the street. The relief sought is not applicable to an existing or substantial right of the plaintiff. The subject matter of the suit has become moot. See *Blume* v. *William Shenkel & Sons Co.* 266 Mass. 15, 16; *Independent-Progressive Party* v. *Secretary of the Commonwealth,* 266 Mass. 18, 21–23. We might add that a review of the record indicates that on the merits the decree dismissing the bill was not error.

*Decree affirmed.*

*Joseph Lian, Jr.,* for the defendants.
*Edward A. Brodeur* for the plaintiff.

FRED K. ROOT, executor, *vs.* COMMONWEALTH. January 13, 1966. This is a petition under G. L. c. 79. The trial judge committed no abuse of discretion by admitting the opinion testimony of Mrs. Birdsall, daughter and manager of the affairs of the landowner at the time of the taking. Nichols, Eminent Domain (Rev. 3d) § 18.4 [2], p. 202. See *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 503–505; *Southwick* v. *Massachusetts Turnpike Authy.* 339 Mass. 666, 668–669. Cf. *Rubin* v. *Arlington,* 327 Mass. 382, 383–385.

*Exceptions overruled.*

*Joseph A. Miragliotta,* Special Assistant Attorney General, for the respondent.
*Daniel P. Kiley, Jr.,* for the petitioner.