ANDREW MCARTHUR & others *vs.* HOOD RUBBER COMPANY & others.

Middlesex.      March 31, 1915. — May 24, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To remove cloud upon title, Adequate remedy at law. *Superior Court. Land Court. Equity Pleading and Practice,* Decree. *Equitable Restrictions.*

The Superior Court is not deprived of its jurisdiction in equity to remove clouds upon titles by the provisions of St. 1904, c. 448, conferring exclusive and original jurisdiction upon the Land Court both in law and equity of petitions under R. L. c. 182, §§ 11–14, inclusive, to determine the validity of certain incumbrances; nor is the remedy granted by those sections so adequate and complete as to exclude general equity jurisdiction of the subject.

Where, in a suit in equity against a number of defendants, some of the defend-

ants consent to the granting of the relief prayed for in the bill and the bill is taken *pro confesso* against all of the other defendants, while a final decree as prayed for may be entered against those consenting thereto, no such decree will be entered against those against whom the bill was taken *pro confesso* unless the facts alleged in the bill are sufficient to authorize such relief. In this case, a decree dismissing a bill under such circumstances was reversed on appeal and a decree in accordance with the prayers of the bill was ordered.

An equitable restriction, which was imposed on real estate by deeds made in accordance with a general plan for the benefit of a neighborhood, not only may cease to be enforceable in equity, as in *Jackson* v. *Stevenson,* 156 Mass. 496, by reason of a complete transformation of the character of the neighborhood, but also may cease to exist and become a mere cloud on the title to the land, removable by a decree in a suit in equity.

A suit in equity may be maintained by the owners of some of the lots shown on a plan of land, whereon all the lots were made subject to a restriction, contained in a deed in 1871 and then valid, that no building should be erected thereon "except dwelling houses as legitimately pertain thereto," to have the restriction declared no longer in force, where it appears that, although in 1871 the neighborhood was a choice residential district, at the time of the filing of the bill it had become wholly given over to manufacturing of an offensive character and to its attendant buildings, where large numbers of employees congregated, and that stores, shops, cheap lodging houses, tenement houses and boarding houses were the only valuable uses for the property, that the entire purpose for which the restriction had been imposed practically had ceased to exist and that for a long time it had been disregarded entirely and violated universally by nearly all, if not all of the owners of the land.

Upon the foregoing facts, there is not available to the plaintiffs either at common law or by statute such complete and adequate relief as will prevent them from invoking equitable remedies.

BILL IN EQUITY, filed in the Superior Court on June 15, 1914, and afterwards amended, by the owners of some of the lots of land designated on a recorded plan of "Norwood Park," so called, in Watertown, for the removal of an alleged cloud upon their title consisting of certain restrictions described in the opinion. The bill was against thirty-five defendants, alleged to be all of the owners of the other lots marked on the plan excepting such as had covenanted with the plaintiffs that the restrictions should be treated as having "come to an absolute end."

Twelve of the defendants assented in writing to a decree declaring the restrictions to be no longer in force. The bill was dismissed by consent and without prejudice as to the Hood Rubber Company. Against the remaining twenty-two defendants on motion of the plaintiffs the bill was taken *pro confesso.* After a hearing by *Jenney,* J., a final decree was entered that, as to the twelve defendants who consented thereto, the restrictions were no

longer in force and that the title of the plaintiffs was no longer incumbered thereby. As to the twenty-two defendants against whom the bill was taken *pro confesso*, the bill was dismissed "for want of equity jurisdiction, but without prejudice as to the merits of said cause." The plaintiffs appealed.

The case was submitted on a brief by the plaintiffs.

*G. R. Blinn & A. L. Taylor*, for the plaintiffs.

RUGG, C. J. This is a suit in equity brought to remove a cloud from and to quiet and establish the title to certain real estate of the plaintiffs in Watertown.

1. The first question presented is whether the Superior Court has jurisdiction of a suit of this sort. Proceedings to quiet title and to remove clouds from titles constitute a well recognized branch of equity. *Clouston* v. *Shearer*, 99 Mass. 209. *Frost* v. *Spitley*, 121 U. S. 552, 556. By St. 1904, c. 448, exclusive and original jurisdiction was conferred on the Land Court both at law and in equity, among other matters, of "petitions to determine the validity of encumbrances under the provisions of sections eleven to fourteen, both inclusive, of" R. L. c. 182. That statute does not deprive the Superior Court of the power to remove in equity clouds upon titles. *First Congregational Society in East Longmeadow* v. *Metcalf*, 193 Mass. 288. That subject is touched upon in R. L. c. 182, §§ 6 to 10 both inclusive, and the jurisdiction in the Superior Court in that regard has not been disturbed. "The subsequent sections, 11 to 14, "enable parties to obtain the construction of the court in regard to questions arising under written instruments and not to determine matters *in pais*. See *Arnold* v. *Reed*, 162 Mass. 438; *Blanchard* v. *Lowell*, 177 Mass. 501." *Crocker* v. *Cotting*, 181 Mass. 146, 153. The remedy afforded by these sections is not so comprehensive, adequate and complete as to exclude general equitable jurisdiction. R. L. c. 182, §§ 1 to 4, which confer power to order a party in proper instances to bring an action at law to try his title, has not limited the general authority of courts of equity. *Smith* v. *Smith*, 150 Mass. 73.

2. Some of the defendants have appeared and consented to the entry of a decree in favor of the plaintiffs. As to these, no further question now is raised. The bill, has been taken for confessed against numerous other defendants. The truth of the

facts pleaded is thereby established. *Mayberry* v. *Sprague,* 207 Mass. 508, 512. But the allegations of the bill, even after having been taken for confessed, must be sufficient to authorize relief before a decree can be entered as against them in favor of the plaintiffs. *Russell* v. *Lathrop,* 122 Mass. 300.

3. The substance of these allegations is that, in a deed of this estate in 1871 from the town of Watertown was the clause, "this conveyance is made subject to restriction that no building shall be erected on either of said lots, except dwelling houses as legitimately pertain thereto;" that although at that time the neighborhood was a choice residential district, it has now become wholly given over to manufacturing of an offensive character and to its attendant buildings, where large numbers of employees congregate, and stores, shops, cheap lodging houses, tenement houses and boarding houses are the only valuable uses for the property, and it is unfit for residential purposes: that because of these and other such like matters, "the character of all the property . . . upon which said restriction was imposed has entirely changed; that the entire purposes for which said restriction was imposed have come to an absolute end; that said restriction has been for a long time entirely disregarded and universally violated by nearly all, if not all, the present owners of the lands," and that it would be oppressive to undertake to enforce the restriction and would render of little or no value the petitioners' estate.

4. No question is made as to the initial validity of the restriction. The contention is that it not only has become unenforceable in equity by reason of changed conditions, under the doctrine of *Jackson* v. *Stevenson,* 156 Mass. 496, but also has been extinguished thereby. It is plain that under the allegations of the bill no one of the defendants could obtain relief in equity for the enforcement of the restriction against the plaintiffs. Nor could any of them maintain an action at law against the plaintiffs for violation of the restriction except possibly for nominal damages, and even this is not certain. Moreover, it would not be for the interests of any of the defendants to assert that the land is still subject to the restriction. It is not averred that the plaintiffs have violated the restriction nor that its enforcement has been threatened by any of the defendants.

The facts set out in the bill show that as to these defendants the restriction has come to an end. This is the fair import of the allegations, although there is no categorical statement to that effect. The change in the character of the neighborhood is so radical that it seems plain that there can be no further life in the restriction. There are no facts which show that even as to the estate of any one of the defendants the removal of the restriction on the plaintiffs' land would be of any significance. The situation in legal intendment is like that disclosed in *Bangs* v. *Potter*, 135 Mass. 245, and *Central Wharf* v. *India Wharf*, 123 Mass. 567. Manifestly the facts are not such as to warrant the inference that any of the defendants would suffer any substantial damage by a legal adjudication that the restriction has ended. The facts alleged in the bill show an even more fundamental transformation of the neighborhood than in *Jackson* v. *Stevenson*, 156 Mass. 496.

5. The principle on which jurisdiction is founded to remove a cloud upon a title is, as substantially was stated in *Martin* v. *Graves*, 5 Allen, 601, 602, that whenever a deed or other instrument exists which may be used to vex or injure the owner, or which may cast a suspicion upon his title or interest and he cannot immediately protect or maintain his right fully and completely by proceedings at law, then a court of equity will afford relief by a decree of such scope as justice may require to adjust the rights of the parties. *Clouston* v. *Shearer*, 99 Mass. 209.

The restriction in the case at bar throws a cloud upon the title of the plaintiffs. When the purpose for which the restriction was imposed has come to an end, and where the use of the tract of land for whose benefit it was established has so utterly changed that no party to the bill could be heard to enforce it in equity or would suffer any damage by its violation, and where a large number of different owners are affected on the record by the restriction and are joined in one proceeding, a proper case is made out for equitable relief. It is not essential under such circumstances that the evidence to establish the facts is likely to become lost or unavailable, although that circumstance sometimes exists and is adverted to. The cloud exists regardless of the nature of the evidence by which its true character may be established. Moreover, the evidence as to the exact character of

this neighborhood in 1871, when the restriction was established manifestly will become increasingly difficult to obtain and present to a court with the force and distinctness now available. The prevention by equitable proceedings of the continuance of a restriction which has ceased to have any vital force and which constitutes only a cloud, stands in principle upon the same basis as the prevention of a cloud from coming into being. This is a well recognized ground for relief in equity. *O'Hare* v. *Downing,* 130 Mass. 16. *Rogers* v. *Nichols,* 186 Mass. 440.

6. There was not available to the plaintiffs such complete and adequate relief at law as to prevent them from invoking equitable remedies. It is doubtful whether the power to register titles conferred upon the Land Court by R. L. c. 128, § 39 and acts in amendment thereof, went to the extent of authorizing the removal of a cloud of this nature from an owner's title as a part of a petition to register title. The enactment of St. 1915, c. 112, conferring ample powers in this respect, with detailed directions as to its exercise, is some indication of a legislative interpretation as to the scope of the earlier statutes. But if it be assumed without so deciding, that such jurisdiction existed in the Land Court, the relief there afforded would be coupled with such other matters and proceedings that it hardly could be deemed the equivalent in plainness, completeness and adequacy of a proceeding in equity to remove a cloud upon a title, and would not exclude the equitable remedy. See *Hinchley* v. *Greany,* 118 Mass. 595, 598; *Enfield* v. *Wood,* 212 Mass. 547.

It scarcely needs to be added that this adjudication binds only the parties hereto and can have no effect upon others, if any there are, who have an interest in the restriction. The decree is to be reversed and a new decree may be entered in favor of the plaintiffs declaring the restriction at an end so far as concerns these defendants, without costs.

*So ordered.*