MAUDE Y. SEDERQUIST *vs.* ERNEST L. BROWN & others.

Essex.   October 18, 19, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Land Court,* Jurisdiction, Incumbrances.   *Attachment.   Constitutional Law.*

Under R. L. c. 128, (St. 1904, c. 448,) and acts in amendment thereof the Land Court upon a petition for registration of title has power to determine the actual state of the title to the land described in the petition but not the power to clear the land from the incumbrance of an existing special attachment.

At the trial in the Land Court of a petition filed by a married woman for the registration of title to land standing in her name, alleging that the respondent in a pending action at law against the petitioner's husband has attached specially

all the right, title and interest of the petitioner's husband in the land, it is right for the judge to exclude evidence offered by the petitioner to show that at the time of the special attachment the defendant in that action had no right, title or interest in the land described in the petition, and to refuse to make a decree based on such evidence registering the petitioner's title free from the lien of the attachment.

In the case above described it was *said* that it was not necessary to determine whether the petitioner had any other remedy for obtaining the removal of the incumbrance of which she complained nor to determine whether the guaranty of a certain remedy for all injuries or wrongs, which is contained in art. 11 of the Declaration of Rights, has been observed adequately by the existing statutes of the Commonwealth.

PETITION, filed in the Land Court on January 13, 1916, by Maude Y. Sederquist, the wife of James W. Sederquist of Lynn, for the registration of the title to a certain parcel of land on Grosvenor Park and the Lake Shore Drive in Lynn.

The case was heard by *Davis*, J. The facts are stated in the opinion. The judge excluded evidence offered by the petitioner to show the invalidity of a certain special attachment on the land, as described in the opinion, and ruled that the validity of the attachment could not be determined in these proceedings and that the petitioner's title must be registered subject to such attachment. At the request of the parties the judge reported the case for determination by this court. If the ruling of the judge was right, a decree was to be entered for the petitioner in accordance therewith; otherwise, the case was to be remanded to the Land Court for such further proceedings as this court might direct.

Article XI of the Declaration of Rights is as follows: "Every subject of the Commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws."

*H. A. Bowen*, for the petitioner.

*F. W. Mowatt*, for the respondents.

RUGG, C. J. The title to the parcel of land described in this petition for registration was acquired by the petitioner in 1907. Thereafter the respondent, as the plaintiff in an action of contract brought against James W. Sederquist, the husband of the petitioner, attached specially all the right, title and interest of

the said James W. in and to the premises in question, the record title thereto standing in the name of the petitioner. This attachment is still outstanding and the action in which it was made is pending. At the trial in the Land Court the petitioner offered to show that at the time of this special attachment the defendant in that action had no right, title or interest in said premises, and asked for a decree registering the title in her free from the attachment, alleging that because of the attachment she is unable to sell the property.

This is a petition for the registration of a title to land under R. L. c. 128, (St. 1904, c. 448,) and acts in amendment thereof, which is the so called Torrens system. The general purpose of that statute is to empower the Land Court to determine the actual state of the title to the land described in the petition, and not to clear the land of incumbrances manifestly existing of record. It is required by § 39 that the decree of registration shall contain a description of the land and "shall set forth the estate of the owner and also, in such manner as to show their relative priority, all particular estates, mortgages, easements, liens, attachments and other encumbrances . . . to which the land or the owner's estate is subject." Plainly a special attachment such as was made by the respondent created a lien or attachment upon the land. The jurisdiction of the Land Court does not extend further than to declare the true state of the title. It is clear from provisions of § 39, already quoted, that it was not the purpose of the Legislature to confer upon the Land Court jurisdiction to determine whether the actions upon which attachments had been made were well grounded or not. Jurisdiction to declare the real state of the title does not extend to the trial of all actions upon which attachments have been made, in order to decide the ultimate fact whether the attachment is a just lien on the land which ought finally to be sustained. St. 1904, c. 448, does not stretch to a case like that at bar. See, also, *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 374, and *Morris* v. *Small,* 160 Fed. Rep. 142.

The provisions of the statutes relative to such special attachments as encumber the petitioner's land are minute and extensive. R. L. c. 178, §§ 1, 47; c. 167, §§ 38, 63, 64. They cover the field. These provisions would become inoperative in whole or in substantial part if the Land Court should be held to have jurisdiction,

on a petition for registration of title, to try the validity of such an attachment. It is not consistent with ordinary canons of statute interpretation to hold that such unusual powers have been conferred by implication.

It is not necessary to determine whether the petitioner has any other remedy for the wrong of which she complains, R. L. c. 167, § 110, as amended by St. 1909, c. 190, nor to determine whether the constitutional guaranty of art. 11 of the Declaration of Rights has been adequately provided by the existing statutes. It is enough to say that the present proceeding cannot be maintained. Pursuant to the terms of the report, let the entry be

*Decree for petitioner in accordance with order of Land Court.*