Dᴀɴɪᴇʟ A. MᴄLᴀᴜɢʜʟɪɴ *vs.* Fʀᴀɴᴄɪs W. Eʟᴅʀᴇᴅɢᴇ &
others.

Suffolk.     January 17, 1929. — February 28, 1929.

Present: Rᴜɢɢ, C.J., Cʀᴏsʙʏ, Cᴀʀʀᴏʟʟ, & Sᴀɴᴅᴇʀsᴏɴ, JJ.

*Equitable Servitude.*

Beginning in 1879, the owners of a tract of land in Boston now bounded
by Newbury Street and Commonwealth Avenue between Hereford
Street and Gloucester Street, to establish and maintain the residential
character of the locality, included in deeds of portions of the tract a
covenant, expressly stated to bind the heirs, successors, representatives
or assigns of the grantors as well as the heirs and assigns of the grantee
and to run with the land but exempting the owner from personal
liability after he had parted with his title, that "no building other
than dwelling houses and the usual buildings appurtenant thereto
including stables for private use only shall be erected upon the land."
In 1924, a grantee by mesne conveyances altered a four-story apart-
ment building, in part on premises included in the tract with a principal
entrance on Hereford Street, by placing two stores in the basement
with entrance on Newbury Street and a store on the first floor. Similar
adaptations of two buildings in the neighborhood had occurred, but all
other buildings in the block were used on and above the street floor, as
well as in the basement, for residential purposes. In 1927, the owner
of the parcel in question by a suit in equity against all other owners of
property in the original tract sought to remove the cloud placed upon
his title by the covenant above described. At the hearing of the suit,
there was no evidence that the changes mentioned had been made with
the knowledge or consent of any of the defendants or their prede-
cessors in title. The trial judge found in substance that if the property
in the tract in question on the plaintiff's side of Newbury Street were
used for business purposes property in the tract on the southerly side
of Commonwealth Avenue would materially depreciate in value and
that use of the plaintiff's property for such purposes would cause its
value to be enhanced, and ordered the bill dismissed. The plaintiff
appealed. *Held*, that

(1) A contention by the plaintiff that the word "erected" in the
covenant applied only to the first building erected could not be main-
tained;

(2) A contention by the plaintiff that the restriction was binding
only on the parties to the deed imposing it could not be maintained;

(3) The change found by the judge had not progressed to a point warranting a conclusion that it no longer was possible to accomplish the purpose of the covenant: the covenant had not lost all vitality and become ineffective so far as the defendants' land is concerned;

(4) The plaintiff was not entitled to relief.

BILL IN EQUITY, filed in the Superior Court on December 28, 1927, and afterwards amended, against thirty-three owners of property in a tract of land in Boston bounded by Commonwealth Avenue, Gloucester Street, Newbury Street and Hereford Street, to remove a cloud upon the plaintiff's title described in the opinion.

In the Superior Court, the suit was heard by *Bishop*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). Material facts found by the judge are stated in the opinion. By his order a final decree was entered dismissing the bill. The plaintiff appealed.

*W. M. Blatt*, for the plaintiff.

*T. F. Quinn*, for the defendants Sawyer.

*C. E. Fay*, for the defendants Percival.

*H. D. White*, for the defendants Wyman and another.

SANDERSON, J. The plaintiff by this bill seeks to have a certain restriction, created by covenant in a deed upon property of which he is the owner of record, declared to be no longer in force. The restriction was imposed by deed in 1879 on a block of land fronting on Newbury Street, in Boston, for the benefit of adjoining land fronting on Commonwealth Avenue between Hereford Street and Gloucester Street, to establish and maintain the residential character of the locality. The plaintiff is the owner of a building erected in part upon the land on which the restriction was imposed, and the defendants are owners of buildings on land for the benefit of which the restriction was imposed. The restriction referred to is that "no building other than dwelling houses and the usual buildings appurtenant thereto including stables for private use only shall be erected upon the land" retained by the grantors. The covenant purported to bind the heirs, successors, representatives or assigns of the grantors as well as the heirs and assigns of the grantee, and the

parties expressly agreed that the covenant should run with the land with a provision exempting the owner from personal liability after he had parted with his title.

The trial judge, at the request of the parties, viewed the premises, and heard evidence as to the use of the properties. He found that on Commonwealth Avenue between Hereford Street and Gloucester Street they are, and apparently always have been, devoted strictly to residential purposes. From the rear of the buildings on Commonwealth Avenue, all of the properties on the northerly side of Newbury Street appear to be used for residential purposes. The plaintiff's property on the northeasterly corner of Hereford Street and Newbury Street resembles a four story apartment building with its principal entrance on Hereford Street. The plaintiff acquired this property in November, 1923. In July, 1924, he altered the building so as to make two stores in the basement with an entrance from Newbury Street, and also changed the first floor so that it could be used for a store. Except for a possible change in the doorway on Hereford Street and a change in the entrance on Newbury Street, and changes in the size of the basement windows, there was nothing to indicate that the building had been adapted for commercial or business uses. At the time of the trial, the store on the first floor and one of the stores in the basement were vacant. The other basement store was being used as a tailor shop. In the property two or three doors away from that of the plaintiff, the basement has been changed and adapted to the purposes of a store, and is now so occupied. One other piece of property in the block on the same side of Newbury Street has also been changed in the basement and is occupied as a delicatessen shop. These two buildings and the portion of the plaintiff's building which lies more than thirty-five feet from Hereford Street are the only buildings which have been changed or adapted for commercial or business purposes within the restricted area. All the buildings in this block with the exceptions mentioned appear to be used on and above the street floor, as well as in the basement, for residential purposes. No evidence was introduced to show that the changes mentioned had been made with the knowledge

or consent of any of the defendants or their predecessors in title. The property on the southerly side of Newbury Street lying between Hereford Street and Gloucester Street is also of a residential character. The judge found that if the properties on the northerly side of Newbury Street between Hereford Street and Gloucester Street should be used for business purposes the properties on the southerly side of Commonwealth Avenue between those streets, referred to in the deed, will materially depreciate in value, and that if the restriction is removed from the portion of the plaintiff's property lying within the restricted area the value of his property will be enhanced.

The plaintiff filed requests which in so far as they asked for rulings of law were properly denied, either because made immaterial by the findings, or because not germane to the issues raised by the bill. A decree was entered dismissing the bill.

During the trial counsel for the plaintiff stated in substance that the only issue of fact in the case related to the alleged change in the residential character of Newbury Street. The plaintiff's contention that he is entitled to the relief sought because the word "erected" in the restriction applies only to the first building erected cannot be maintained. See *Allen* v. *Massachusetts Bonding & Ins. Co.* 248 Mass. 378, 384. His further contention that the restriction was binding only on the parties to the deed imposing it must fail. The covenant ran with the land, and successors in title to the owners for whose benefit it was first imposed may claim rights under it. The maintenance of the plaintiff's bill depended upon proof that the residential character of the neighborhood has so changed that the restriction has lost its validity. *Jackson* v. *Stevenson*, 156 Mass. 496, 502. Even though some change in its residential character had taken place, upon the findings the part of the city to which the restriction related was still essentially residential. See *Vorenberg* v. *Bunnell*, 257 Mass. 399, 408. A decree upon issues like those raised in this case must be based upon conditions as they are. *Carr* v. *Riley*, 198 Mass. 70. The change has not progressed to a point where it can be said to be no longer possible to accomplish the purpose of the restriction. Upon the finding it has

not lost all vitality and become ineffective so far as the defendants' land is concerned. *Bacon* v. *Onset Bay Grove Association*, 241 Mass. 417, 426. *Wilson* v. *Middlesex Co.* 244 Mass. 224, 232. *Allen* v. *Massachusetts Bonding & Ins. Co.* 248 Mass. 378, 385.

The facts in the case distinguish it from *Hamlen* v. *Keith*, 171 Mass. 77, and *McArthur* v. *Hood Rubber Co.* 221 Mass. 372.

For the reasons stated, the plaintiff is not entitled to the relief sought, and it becomes unnecessary to consider any other questions.

*Decree affirmed with costs.*