NICHOLAS C. JOHNSON & another *vs*. ELI ROSENGARD.

Essex.   November 12, 1937. — February 2, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Land Court*, Jurisdiction; Registration; Exceptions: general exception.
  *Equity Jurisdiction*, Specific performance.

The Land Court has jurisdiction upon a petition for registration of the
  title to land to adjudicate an adverse claim for specific performance
  of a recorded agreement by the petitioner to sell the property to the
  claimant.
A general or omnibus exception does not lie in the Land Court to all
  rulings of law that may be discovered in a document entitled "deci-
  sion."

PETITION, filed in the Land Court on January 22, 1937,
for registration of the title to land.

The case was heard by *Smith*, J.   The respondent asked
for the following rulings, among others: "7. The rights of
the respondent Eli Rosengard under said agreement of
November 8, 1932, as extended, had not been released at the
time of the filing of the petition in this case.   8. The rights
of the respondent Eli Rosengard under said agreement of
November 8, 1932, as extended, have never been released."

The foregoing rulings were given by the judge "provided
the word 'alleged' be inserted before the word 'rights.'"
There was no request as to whether there were such "al-
leged rights."   The respondent in the bill of exceptions
stated merely that he, being "aggrieved" by refusals to give
certain rulings (not including those numbered 7 and 8)
"and to the rulings made in said 'Decision,' and by the
order of the court for a 'decree not subject to the respond-
ent's claim,' brings this bill of exceptions and prays that it
may be allowed."

*E. S. Abbott*, for the respondent.

*W. M. Espovich*, (*G. G. Davis* with him,) for the petitioners.

LUMMUS, J.   The petitioners, husband and wife, seek to

register as tenants by the entirety their title to a parcel of business property in Haverhill. They acquired their title in January, 1932, after the foreclosure of a mortgage. The respondent had been the owner of the equity of redemption, and became tenant under the petitioners. On November 8, 1932, the male petitioner agreed in writing to sell and the respondent agreed to buy the parcel, and title was to be passed on December 1, 1932. The female petitioner signed the contract, but some question is made as to the effect of her signature. The contract was recorded in the registry of deeds. On December 2, 1932, the time for performance was extended "until April 1, 1933, provided" the respondent should make weekly payments of $70 on account of the price. Weekly payments were not made as agreed, and the judge said in his decision, "I find and rule the extension became void . . . ." He added "I further find and rule they [the agreement and its extension] constitute no encumbrance to which the decree in this case should be made subject," and ordered a decree registering title in the petitioners. For the interpretation put upon the common but obscure expression "find and rule," see *Sylvester* v. *Shea*, 280 Mass. 508.

The main contention of the respondent is that even though he did not make payments as agreed a court in equity might nevertheless enforce the contract against the petitioners either on the ground of waiver or on the ground that time was not of the essence of the contract (*Mansfield* v. *Wiles*, 221 Mass. 75); and that the enforceability of the contract in equity could not be determined upon a petition for registration of title as distinguished from a bill for specific performance brought by the respondent or a bill to determine and foreclose his rights, brought by the petitioners. *Flaherty* v. *Goldinger*, 249 Mass. 564.

On a petition for registration of title the Land Court has "power to hear and determine all questions arising" thereon. G. L. (Ter. Ed.) c. 185, § 1 (a). We need not decide whether the language which follows, "such other questions as may come before it under this chapter," has reference to original registration, or has been enlarged in meaning as successive

statutes have enlarged the jurisdiction of the court. See, for example, St. 1931, c. 387, § 1; G. L. (Ter. Ed.) c. 185, § 1 (k); St. 1934, c. 67. It was intimated in *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 377, that under the original land registration act the validity and scope of equitable restrictions could not be determined upon a petition for registration. But see now G. L. (Ter. Ed.) c. 240, § 16. See also *Sederquist* v. *Brown*, 225 Mass. 217, as to special attachments. But those cases were exceptional. G. L. (Ter. Ed.) c. 185, § 45, provides: "A decree of confirmation and registration . . . shall bind the land and quiet the title thereto, subject only to the exceptions stated in the following section," which contains no exception material to this case. From these and other sections it is inferred "that the court is to pass upon the validity of incumbrances before issuing a certificate." *First National Bank of Woburn* v. *Woburn*, 192 Mass. 220, 221, 222. The claim of an agreed vendee to specific performance may be in effect an encumbrance upon property and a cloud upon the title. *Flaherty* v. *Goldinger*, 249 Mass. 564, 567. *Hopkinson* v. *First National Bank of Provincetown*, 293 Mass. 570. It has been held that one who has a claim for specific performance of a covenant for renewal of a lease "arising after the date of original registration" may register it as an adverse claim under G. L. (Ter. Ed.) c. 185, § 112. *Lamson* v. *Coulson*, 234 Mass. 288, 292. We see no reason why an adverse claim for specific performance may not be adjudicated upon a petition for registration. Such an adjudication is not the taking of jurisdiction of "suits in equity for specific performance of contracts," forbidden to the Land Court by St. 1934, c. 67.

The question whether the agreement under seal could be released by parol, is immaterial. *Ballou* v. *Billings*, 136 Mass. 307. The judge found that the respondent lost his rights, not by release, but by failure to perform his contract. The respondent does not raise by specific exception anything that impairs that finding. The provision in Rule 6 of the Land Court (1935) that "no statement other than that contained in a bill of exceptions that a party

excepts to an order, ruling or decision made in the absence of counsel, need be filed" does not permit a general or omnibus exception to all the various rulings of law that may be discovered in a document entitled "decision." See *Crawford* v. *Roloson*, 262 Mass. 527. The purpose was merely to eliminate the formal taking of exceptions in writing, necessary in such cases in the Superior Court. Rule 72 of the Superior Court (1932). In the view that we take of the case, nothing turns upon the fact that the female petitioner did not sign the extension, even if she became bound under the original contract.

*Exceptions overruled.*