*Thomas P. Crotty* for the employer.
*Orie D. Oullette* for the claimant.

PETER C. DITOMMASO *v.* ELISE LALIBERTE & others. April 8, 1980. The plaintiff appeals from a judgment dismissing his complaint. Although the complaint states that it was brought pursuant to G. L. c. 93A, such an allegation does not preclude a contract claim as well. A complaint need not set forth the legal theories on which the pleader relies, and it is not subject to dismissal if it supports relief on any theory of law. *Whitinsville Plaza, Inc.* v. *Kotseas,* 378 Mass. 85, 89 (1979). See *Nader* v. *Citron,* 372 Mass. 96, 98 (1977). See also *Turner* v. *Guy,* 2 Mass. App. Ct. 343, 347-348 (1974), indicating that an amendment would be proper, if needed. It was, therefore, error to allow the motion to dismiss under Mass.R.Civ. P. 12(b) (6), 365 Mass. 755 (1974).

Having decided that the plaintiff may proceed beyond the pleading stage, "it is not strictly necessary that we consider separately whether" the plaintiff also states a claim for relief under G. L. c. 93A. *Whitinsville Plaza, Inc., supra* at 99. *Nader* v. *Citron, supra* at 105. However, in order to expedite the proceedings on remand, we consider it appropriate to express our agreement with the implicit ruling of the trial judge that the plaintiff's claim under G. L. c. 93A is barred by the statute of limitations, G. L. c. 260, § 5A, inserted by St. 1975, c. 432, § 2. The plaintiff had more than three years after the enactment of G. L. c. 260, § 5A, within which to bring his action. In these circumstances, we see no reason not to apply as to the plaintiff, see *Cioffi* v. *Guenther,* 374 Mass. 1, 3-4 (1977), the general rule that statutes of limitation "relate only to the remedy, and they control future procedure in reference to previously existing causes of action." *Mulvey* v. *Boston,* 197 Mass. 178, 181 (1908).

The judgment is reversed. Neither party is to have costs of appeal.

*So ordered.*

The case was submitted on briefs.
*Alvin S. Nathanson* for the defendants.
*Vincent J. Molloy* for the plaintiff.