Murphy, Ernest B., J.
The present suit is an action for trespass concerning an alleged easement held by the defendant, Suzanne M. Lussier (hereinafter, “Lussier”), over the subservient property owned by the plaintiff, Laura B. Every (hereinafter, “Every”). Following the filing of this action, Lussier brought a counterclaim seeking this court to declare that the easement is valid. The alleged right to use is based on an easement recorded in 1811. The plaintiff moves to dismiss the counterclaim, alleging that exclusive original jurisdiction concerning the validity of encumbrances lies solely in the Land Court of the Commonwealth of Massachusetts.
After a hearing on the motion, and for the following reasons, the plaintiffs motion to dismiss is DENIED. Furthermore, pursuant to G.L.c. 185, §1 and G.L.c. 240, §11, this court dismisses the plaintiffs claim for lack of jurisdiction.

FINDINGS OF FACT

The following facts are either undisputed or are taken in the light most favorable to the non-moving party.
The present dispute concerns an alleged easement over 169 Maple Street, Douglas, in Worcester County. Following actions taken by the defendant to clear the easement to facilitate its use, the plaintiff brought the present action for trespass, seeking injunctive relief. The defendant has filed a counterclaim, claiming that the easement was recorded in 1811, Book 181, Page 176, in a deed from Aaron Aldrich to Ezra Aldrich. The defendant requests that this court uphold the validity of the easement there recorded.
The plaintiff has brought a motion to dismiss, alleging that this court lacks jurisdiction to hear complaints to determine the validity of encumbrances under G.L.c. 185, §1 and G.L.c. 240, §11.

CONCLUSIONS OF LAW

For purposes of a motion to dismiss a complaint, the allegations in the complaint must be treated as true and the non-moving party is entitled to all favorable inferences. Gen. Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992). A motion to dismiss should only be granted if “it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief.” Gen. Motors Acceptance Corp., 413 Mass. at 584 (citations omitted). “[A] complaint is sufficient against a motion to dismiss if it appears that the [non-moving party] may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.” Brum v. Dartmouth, 44 *51 Mass.App.Ct. 318, 321 (1998), review granted 427 Mass. 1105, rev’d in part, 428 Mass. 684 (1999) (citations omitted); Ditommaso v. Laliberte, 9 Mass.App.Ct. 890, 890 (1980) (“A complaint need not set forth the legal theories on which the pleader relies, and it is not subject to dismissal if it supports relief on any theory of law.”).
The Land Court has original jurisdiction concurrent with the Superior Court in, “[a]ll cases and matters cognizable under the general principles of equity jurisprudence where any right, title or interest in land is involved . . .” Under G.L.c. 185, §1, the Land Court has exclusive original jurisdiction over “[c]omplaints to determine the validity of encumbrances, under sections eleven to fourteen, inclusive, of chapter two hundred and forty.”[1] The relevant portion of G.L.c. 240, §11 reads as follows:
If the title to land appears of record to be affected by a possible condition, restriction, reservation, stipulation or agreement made or imposed more than thirty years prior to the commencement of the proceedings hereinafter provided for, a person having a freehold estate, vested or contingent, in possession, reversion or remainder, in said land, or in any undivided or any aliquot part thereof or any interest therein which may become a freehold estate, and any person who has conveyed such estate or any such interest therein with covenants of title or warranty, may file a petition on oath in the land court to determine the validity, or define the nature and extent, of such possible condition or other encumbrance, against any person who might be entitled in any event to enforce it or avail himself thereof.
This section concerns the authority of those individuals who currently hold an interest in a freehold estate, who hold a vested interest in a freehold estate, and who hold a contingent interest in a freehold estate: those who do, who will, and who may own land.[2] Section 11 does not, however, concern those who hold a right of use of an easement.
Notwithstanding that the plaintiff has brought this action under the tort of trespass, the plaintiffs case is dependent on a determination of the validity of an encumbrance brought by the record owner of the subservient estate. Subject to G.L.c. 185, § 1 (e), this court lacks jurisdiction to hear the claim. That statute does not, however, operate to reserve exclusive original jurisdiction regarding determinations of the validity of encumbrances brought by those who hold a right of use of an easement. Therefore, the court has jurisdiction to hear the counterclaim requesting this court to determine the validity of the easement, brought by the easement-holder.[3]

ORDER

Based on the foregoing reasons, it is hereby ORDERED that the plaintiffs motion to dismiss is DENIED. Furthermore, pursuant to G.L.c. 185, §1 and G.L.c. 240, §11, this court dismisses the plaintiffs claim for lack of jurisdiction.

This court may not read G.L.c. 185, §l(e) as containing two independent clauses. To the extent that the first clause, “[c]omplaints to determine the validity of encumbrances,” could be independent, then the second clause would be superfluous. Civil Investigative Demand Addressed to Yankee Milk, Inc., 372 Mass. 353, 358 (1977) (holding that an interpretation of a statute which would render a term meaningless “would controvert the established principle of statutory construction that every word in a statute should be given meaning”). Therefore, G.L.c. 185, §1(e) must be read as reserving exclusive original jurisdiction to only those complaints to determine the validity of encumbrances under G.L.c. 240, §11.

Secüon 11, last amended in 1904, did not initially function to remove jurisdiction from the Superior Court over matters concerning the validity of encumbrances. See McArthur v. Hood Rubber Co., 221 Mass. 372, 374 (1915). In McArthur, the Court found that G.L.c. 240, §11 “does not deprive the Superior Court of the power to remove in equity clouds upon titles.” Id. Subsequently, however, the decision in McArthur has been called into question and G.L.c. 185, §1 has been amended. See generally Johnson v. Rosengard, 299 Mass. 375, 377 (1938) (“It was intimated in McArthur [ ], that under the original land registration act the validity and scope of equitable restrictions could not be determined upon a petition for registration . . . [b]ut (that) case! ] [was] exceptional”).

Should the plaintiff file an action before the Land Court concerning the validity of the easement, this court recommends that, for the purposes of judicial economy and in order to prevent contrary rulings, the defendant voluntarily dismiss her counterclaim.