Murphy, ErnestB., J.
The plaintiffs, Ky Ngoc Duong and Tram Huyen Tran, filed this action on February 25, 2005 against George M. Rogers Insurance Agency, Inc. (hereinafter, “Rogers”), alleging negligence and breach of contract arising from an insurance contract. On November 15, 2005, the plaintiffs amended their complaint to include Patrons Mutual Insurance Com *52 pany of Connecticut (hereinafter, “Patrons”). The plaintiffs allege that Rogers, both individually and as an agent of Patrons, was negligent in advising a proper replacement value to the insurance policy for the property at 21 Washburn Street, Worcester, Massachusetts. The plaintiffs further allege that the defendants breached the insurance contract by failing to arrange for adequate coverage for that property. Patrons now moves to dismiss the action, arguing that (1) Rogers was not an agent of Patrons, (2) neither defendant owed a duty of care to advise the plaintiff, and (3) the complaint does not properly state a basis of damages for which Patrons would be liable. After a hearing on the motion, and for the following reasons, Patron’s motion to dismiss is DENIED.
I. FINDINGS OF FACT
The following facts are taken from the complaint and deemed as true in accordance with Mass.R.Civ.P. 12.
The plaintiffs are the owners of three properties once or currently insured by Patrons: 21 Washburn Street, Worcester; 21 1/2 Washburn Street, Worcester; and 23 Washburn Street, Worcester. In September 2003, the plaintiffs contacted Rogers in order to insure the three properties. At that time, the parties entered into a contract insuring all three properties. The replacement values set were $250,000 for 21 Washburn Street, and $190,000 for each of the other two properties. On May 21, 2004, a fire severely damaged 21 Washburn Street. The replacement cost of the building has been estimated at $606,442, far in excess of the amount covered under the policy.
In their complaint, the plaintiffs allege that Rogers represented to them that it possessed knowledge and expertise in the insurance policy. The plaintiffs further allege that they relied on Rogers’ representation and Rogers’ assessment values of replacement costs. In addition, the complaint alleges that Rogers acted as the plaintiffs’ insurance broker and, simultaneously, as agent for Patrons in the negotiations for contracting for insurance with the plaintiffs.
The plaintiffs filed this action on February 25,2005, and amended the complaint so as to include Patrons on November 15, 2005. Patrons now brings a motion to dismiss the complaint.

CONCLUSIONS OF LAW

For purposes of a motion to dismiss a complaint, the allegations in the complaint must be treated as true and the plaintiff is entitled to all favorable inferences. Gen. Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992). A motion to dismiss should only be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Gen. Motors Acceptance Corp., 413 Mass. at 584 (citations omitted). “[A] complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.” Brum v. Dartmouth, 44 Mass.App.Ct. 318, 321 (1998), review granted 427 Mass. 1105, rev’d in part, 428 Mass. 684 (1999) (citations omitted); Ditommaso v. Laliberte, 9 Mass.App.Ct. 890, 890 (1980) (“A complaint need not set forth the legal theories on which the pleader relies, and it is not subject to dismissal if it supports relief on any theory of law.”).
I. Agency
Patrons first challenges whether the allegations in the complaint are sufficient for a finding that there was an agency relationship between Patrons and Rogers. Patrons suggests that McCue v. Prudential Ins. Co. of America, 371 Mass. 659 (1976), stands for the proposition that insurance brokers are agents of the insured rather than that of an insurance company. An independent insurance agent, unlike a captive agent who is employed only by one insurer, acts as the agent for the company in some respects, and as the agent for the customer in some respects. The scope of the agent’s authority is a fact-specific inquiry in any given case, and the mere fact that an independent agent is a statutory licensed agent does not resolve the question. Savers Prop. & Cas. Ins. Co. v. Admiral Ins. Agency, Inc., 61 Mass.App.Ct. 158, 164 (2004) (deciding that G.L.c. 175, §163 does not make an independent agent the insurer’s agent for all purposes).
An independent insurance agency may be the agent of the insurer, even though the agent is licensed to sell insurance products for a variety of insurers, where the insurer has an agency appointment on file with the state Department of Insurance listing the agent as the insurer’s agent and the insurer has a written agency appointment agreement expressly authorizing the agent to transact business on behalf of the insurer as its agent.
L. Russ and T. Segalia, Couch on Insurance 3d, §45:5 (West Group 1997). An insurance agent who completes an application on behalf of am insured acts as the agent of the insurer. Couch on Insurance 3d, §51:1, at 51-4 —51-4; see generally McCue, 371 Mass, at 662 (noting that under certain circumstances, an agent for the insurer may also be an agent for the insured); Southeastern Ins. Agency, Inc. v. Lumbermens Mut. Ins. Co., 38 Mass.App.Ct. 642 (1995). Here, the complaint alleges that Rogers was an agent both for the plaintiffs and for Patrons. Therefore, the complaint must prevail against a motion to dismiss on those grounds.

II. Special Duty of Care

“There is no general duty of care of an insurance agent to ensure that the insurance policies procured by him provide coverage that is adequate for the needs of the insured.” Martinonis v. Utica Nat. Ins. Group, 65 Mass.App.Ct. 418, 420 (2006) (citations omitted). “The relationship between an insurance broker and the *53 insured is not normally thought to be fiduciary in nature, absent special circumstances of assertion, representation and reliance.” Baldwin Crane & Equipment Corp. v. Riley & Rielly Ins. Agency, Inc., 44 Mass.App.Ct. 29, 31-32 (1997) (quotation marks and citations omitted). “An expanded agency agreement, arrangement or relationship, sufficient to require a greater duty from the agent than the general duty, generally exists when the agent holds himself out as an insurance specialist, consultant or counselor.” Id. at 32, quoting Sandbulte v. Farm Bureau Mut. Ins. Co., 343 N.W.2d 457, 464-65 (Iowa 1984); Martinonis, 65 Mass.App.Ct. at 422 (“[T]he absence of separate compensation does not mean that special circumstances giving rise to a duty of care did not exist.”). Here, the plaintiffs allege that Rogers represented to them that it possessed knowledge and expertise, which the plaintiffs subsequently relied on to their detriment. Therefore, to the extent that Rogers was acting as an agent for Patrons and its actions could therefore be attributed to Patrons, the pleadings raise sufficient allegations to withstand a motion to dismiss.

III. Damages

Finally, Patrons moves to dismiss on the grounds that the plaintiffs’ claim of damages is an insufficient declaration for the purposes of the elements of breach of contract and negligence because the plaintiffs specifically based their claim of damages on actual replacement costs of the property rather than on generic damages. Nevertheless, the complaint sets forth a valid statement of damages, which, although not conclusive on any ultimate determination before this court or before a finder-of-facts, is sufficient to defeat a motion to dismiss. See Brum, 44 Mass.App.Ct. at 321; Ditommaso, 9 Mass.App.Ct. at 890.

ORDER

Based on the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss is DENIED.