Murphy, Ernest B., J.
On June 27, 2001, a disciplinary hearing was convened at State Police Headquarters to determine whether the plaintiff, David Fisher (hereinafter, “Fisher"), engaged in inappropriate behavior. Following that hearing, the Board cleared Fisher of four of the charges leveled against him, but determined that he engaged in unprofessional behavior unbecoming a State Police Officer. Fisher was suspended for 60 days without pay. Subsequently, Fisher filed this complaint alleging that the disciplinary action was in retaliation for “whistleblowing.” Specific to this motion, Fisher brings five counts against the defendant, Bruce Lint (hereinafter, “Lint”): (1) intentional interference with advantageous relations; (2) civil conspiracy; (3) defamation and slander; (4) violation of the Massachusetts Civil Rights Act; and (5) violations of the Federal Civil Rights Act. Lint brings this special motion to dismiss pursuant to G.L.c. 231, §59H, and, in the alternative, a motion to dismiss based on immunity.
After a hearing on the motion, and for the following reasons, the defendant’s special motion to dismiss pursuant to G.L.c. 231, §59H and the defendant’s motion to dismiss are DENIED.
FINDINGS OF FACT
For the purposes of the special motion to dismiss pursuant to G.L.c. 231, §59H, the Court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability and defense is based. For the purposes of the motion to dismiss, the following facts are taken from the complaint and deemed true in accordance with Mass.R.Civ.P. 12.
Fisher had been assigned to the Grafton Barracks of the Massachusetts State Police from the spring of 1986 through September 1998. In 1997, Fisher brought a number of complaints concerning improper behavior at the barracks, alleging that prisoners brought to the barracks were allowed to commit serious violations of Massachusetts General Laws and the Department of Corrections Rules and Regulations. On September 1, 1998, Fisher specifically complained that Sergeant Bruce Lint, the defendant, was involved with the prisoners in an improper and possibly illegal capacity. Following the complaints, Fisher began to experience harassment while working at Grafton. On September 8, 1998, Fisher was transferred to the Leominster Barracks. Two days later, he learned that he would receive midnight shifts and was allegedly told that he would continue to be placed on midnight shifts regardless of his seniority. After a discussion with the Union attorney, Fisher had his original shifts restored.
On August 11, 1998, Fisher assisted a motorist on Route 495. Subsequently, a complaint was registered against the plaintiff purportedly based on the motorist assistance. Lieutenant Joseph Parmakian ordered Lint to investigate the incident. On August 20, Lint submitted a report in which he concluded that Fisher had engaged in misconduct. In 2001, the State Police convened a disciplinary hearing to determine whether Fisher had engaged in inappropriate behavior.[2] Subsequently, the Board cleared Fisher of four of the charges leveled against him. The Board determined, however, that he engaged in unprofessional behavior unbecoming a State Police Officer and suspended him for 60 days without pay. Subsequently, Fisher brought this action against Lint and the defendants. Lint now moves this court for a special dismissal pursuant to G.L.c. 231, §59H, or, in the alternative, to dismiss because of immunity.
CONCLUSIONS OF LAW
I. Special Motion to Dismiss Pursuant to G.L.c. 231, §59H
The Legislature enacted G.L.c. 231, §59H, the Anti-Strategic Lawsuits Against Public Policy (anti-SLAPP) statute to preserve a party’s right to petition. “The anti-SLAPP statute . . . was enacted by the Legislature to provide a quick remedy for those citizens targeted by frivolous lawsuits based on their government petitioning activities.” Kobrin v. Gastfriend, 443 Mass. 327, 331 (2005).
In order to prevail on, a special motion to dismiss pursuant to G.L.c. 231, §59H, the “moving parly who ‘asserts’ protection for its petitioning activities [must] make a threshold showing through the pleadings and affidavits that the claims against it are ‘based on’ the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Ayasli v. Armstrong, 56 Mass.App.Ct. 740, 748 (2002), quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 161 (1998). The motive behind the petitioning activity is irrelevant at this initial stage. Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002), citing Fabre v. Walton, 436 Mass. 517, 524 (2002). If the moving party is successful, the burden then shifts to the opposing party, who must then show by pleadings and affidavits, and by a preponderance of the evidence, that the moving party’s petitioning activities were (1) devoid of any reasonable support or arguable basis in law, and (2) the activity caused the nonmoving party actual harm. Office One, 437 Mass. at 123, citing G.L.c. 231, §59H; Baker v. Parsons, 434 Mass. 543, 553 (2001); Duracraft, 427 Mass. at 165. “It is not necessary that the challenged activity be motivated by a matter of public concern.” Office One, 437 Mass, at 122, citing Duracraft, 427 Mass. at 164.
In order for a petition to fall within the ambit of G.L.c. 231, §59H, the proponent of that petition must seek vindication of their own interests. In Kobrin, the Supreme Judicial Court stated:
We read the phrase “based on said party’s exercise of its right of petition under the constitution” as restricting the statute’s coverage to those defendants who petition the government on their own behalf. In other words, the statute is designed to protect overtures to the government by parties petitioning in their status as citizens. It is not *388 intended to apply to those performing services for the government as contractors.
Kobrin, 443 Mass. at 332. The Court held that Dr. Gastfriend was not entitled to the protection of the Anti-SLAPP statute because he was hired to investigate Dr. Kobrin’s behavior for a disciplinary hearing of the Board of Registration of Medicine, and therefore had no personal interest in the outcome of the determination. Kobrin, 443 Mass. at 330. This rule is not so expansive, however, such that it precludes all petitioning behavior where the defendant did not initiate the proceedings. See Kobrin, 443 Mass. at 338; Wynne v. Creigle, 63 Mass.App.Ct. 246, 253 n.9 (2005).[3]
In the present case, Lint’s actions do not constitute petitioning as required under G.L.c. 231, §59H. Lint investigated an allegation of wrongdoing by Fisher and testified to his investigation before the State Police Trial Board. These actions were mandated by his superiors. There is no indication that, beyond general desires for the well-being of the State Police, Lint’s actions were based on any personal interest. See Kobrin, 443 Mass. at 330. Therefore, Lint’s special motion to dismiss pursuant to G.L.c. 231, §59H cannot prevail.
II. Motion to Dismiss Based on Immunity
For purposes of a motion to dismiss a complaint, the allegations in the complaint must be treated as true and the plaintiff is entitled to all favorable inferences. Gen. Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992). A motion to dismiss should only be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Id. (citations omitted). “[A] complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.” Brum v. Dartmouth, 44 Mass.App.Ct. 318, 321 (1998), review granted 427 Mass. 1105, rev’d in part, 428 Mass. 684 (1999) (citations omitted); Ditommaso u. Laliberte, 9 Mass.App.Ct. 890, 890 (1980) (“A complaint need not set forth the legal theories on which the pleader relies, and it is not subject to dismissal if it supports relief on any theory of law”).
A. Absolute Immunity
Lint claims that he is immune from civil liability under the common-law privilege for witnesses in judicial proceedings. “Statements made in the course of a judicial proceeding which pertain to that proceeding are, of course, absolutely privileged and cannot support a claim of defamation, even if uttered with malice or in bad faith.” Correllas v. Viveiros, 410 Mass. 314, 319 (1991). This privilege is absolute: “An absolute privilege provides a complete defense even if the offensive statements are uttered maliciously or in bad faith. In addition, the absolute privilege which attaches to those statements protects the maker from any civil liability based thereon.” Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. 137, 141 (1996). Lint offers no support, however, for the claim that testimony before a disciplinaiy proceeding is entitled to the same degree of protection as testimony before a court of law. See generally Restatement (Second) of Torts, §§585, 588. Furthermore, the threat of perjury is not present in a disciplinary hearing, notwithstanding other possible punishments, further illustrating the distinction between a judicial proceeding and a disciplinary action. Therefore, this Court cannot dismiss this claim based on absolute immunity.
B. Conditional Immunity
Massachusetts Courts have additionally recognized conditional immunity for statements in limited circumstances. See, e.g., Bratt v. Int’l Bus. Mach. Corp., 392 Mass. 508, 512-13 (1984) (“Massachusetts courts have recognized that a person may possess a conditional privilege to publish defamatory material if the publication is reasonably necessary to the protection or furtherance of a legitimate business interest”). Conditional immunity, however, does not extend to certain statements: “Our cases have recognized that a conditional privilege may be abused, and lost, in a number of ways.” Bratt, 392 Mass. at 514. Specifically, where the publication is made with “knowledge of falsity or with reckless disregard of the truth,” the privilege is lost. Id., quoting Tosti v. Ayik, 386 Mass. 721, 726 (1982). Here, Fisher has alleged that Lint made intentionally false statements. Even if Lint’s testimony were conditionally privileged, which is unclear, the allegations on the complaint are sufficient to prohibit the dismissal of the complaint at this stage of the proceeding.
ORDER
Based on the foregoing reasons, it is hereby ORDERED that defendant’s special motion to dismiss pursuant to G.L.c. 231, §59H and the defendant’s motion to dismiss are DENIED.

Lint testified at these hearings, and, according to the complaint, gave false testimony against Fisher.

The defendant points to Baker v. Parsons, 434 Mass. 543 (2001), as standing in opposition to the decision in Kobrin. In Baker, the Supreme Judicial Court held that, notwithstanding a contractual relationship relating to an environmental review, the defendant was protected by G.L.c. 231, §59H. In Kobrin, however, the Court commented on its earlier decision and noted: “Although their petitioning activity was solicited by State and Federal government officials [ ] the defendants in Baker v. Parsons [ ] were nonetheless also engaged in constitutional petitioning activity in their own right and seeking some redress from the government based on their grievances.” Kobrin, 443 Mass. at 340-41.