NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-321

MAUREEN'S MIRTILLI, LLC

vs.

IDLEWILD ACRES LLC & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Maureen's Mirtilli, LLC (Mirtilli), operates a cranberry bog on three contiguous, landlocked parcels in Sandwich.  Up until June 2018, Mirtilli's predecessors in title, Peter and Janet Hanlon, gained access to the bog by a road running through two contiguous parcels (Parcel I and Parcel II) owned by the defendant, Idlewild Acres LLC (Idlewild).  At that time, Idlewild blocked the Hanlons' access, and the Hanlons filed a complaint in the Superior Court seeking a declaration that they had an easement over both parcels.  The case transferred to the Land Court where Mirtilli was substituted as the plaintiff and new owner of the landlocked bog.  A judge of

_____

[1] Peter M. Wild.

the Land Court entered summary judgment for Idlewild, and Mirtilli now appeals.  We affirm.

Discussion.  "We review a judge's grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'"  Geezil v. White Cliffs Condominium Four Ass'n, 105 Mass. App. Ct. 103, 106 (2024), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  The moving party bears "the burden of initially showing that there is an absence of evidence to support the case of the nonmoving party shouldering the burden of proof at trial."  Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991).  At trial, Mirtilli would have to shoulder the burden of proving the existence of an easement.  See Duddy v. Mankewich, 75 Mass. App. Ct. 62, 66 (2009).  We conclude that Idlewild satisfied its burden.

1.  Parcel I.  The record here shows that Idlewild's certificate of title for Parcel I lacks an easement in favor of Mirtilli's bog.  Parcel I is registered land under G. L. c. 185.  "Before the Land Court issues a judgment of registration, it first must pass on the validity of asserted encumbrances."  Tetrault v. Bruscoe, 398 Mass. 454, 459 (1986).  A judgment of registration must set forth "particular . . . easements" that

2

will appear on the certificate of title.  G. L. c. 185, § 47.

Generally, holders of a certificate of title for registered land

take "free from all encumbrances except those noted on the

certificate."  G. L. c. 185, § 46.  Under this general rule,

"[i]n order to affect registered land as the servient estate, an

easement must appear on the certificate of title."  Tetrault,

supra at 461.  Here, Idlewild's transfer certificate of title,

dated April 28, 2004, does not "create an express easement" in

favor of Mirtilli's land.  Jackson v. Knott, 418 Mass. 704, 710

(1994).

We disagree with Mirtilli's contention that "the easement

in question does in fact appear on the face of the Idlewild

Certificate of Title" to Parcel I.  Mirtilli based this argument

on the combination of a 1930 plan referenced in the certificate

of title and the following language in the title:  "So much of

said land as is included within the limits of the ways [on the

plan] . . . is subject to the rights of all persons lawfully

entitled thereto in and over the same."  Despite the reference

to the plan and the ways therein, the certificate of title does

not create an express easement over Parcel I in favor of

Mirtilli's land because neither the title nor the plan

identifies such an easement.  "[V]ague language will not suffice

to fulfil the requirements of G. L. c. 185, §§ 45 and 46, for a

recorded easement on the certificate of title."  Calci v.

3

Reitano, 66 Mass. App. Ct. 245, 248 (2006). See Jackson, 418 Mass. at 706 (no easement in plaintiffs' favor where plan and "certificates of title refer to the Way . . . but neither describes any easement over the Way"); Butler v. Haley Greystone Corp., 347 Mass. 478, 484 (1964) ("language of the decree does not satisfy the requirement of the statute that 'particular . . . easements' be set forth").

The language relied on by Mirtilli ("land . . . is subject to the rights of all persons lawfully entitled thereto in and over the same") is very similar to language that we previously deemed insufficient to create an easement on a certificate of title. See Calci, 66 Mass. App. Ct. at 248 ("subject . . . to any and all public rights legally existing in and over the same below mean high water mark"). The language here suffers from a lack of "particularity" that identifies Mirtilli's land as benefiting from such an easement. Butler, 347 Mass. at 485.

Mirtilli cannot fill in gaps in the Idlewild certificate of registration by relying on the original petition for registration of Parcel I, filed on October 20, 1930. Mirtilli contends that its property benefits from the easement because its predecessor in title is referenced in the 1930 petition for registration. We disagree. The "mere act of filing a complaint for registration does not, in itself, affect the state of title." Batchelder v. Planning Bd. of Yarmouth, 31 Mass. App.

4

Ct. 104, 108 (1991). See G. L. c. 185, § 36 (title unaffected by "filing of a complaint and before registration"). See Johnson v. Rosengard, 299 Mass. 375, 377 (1938) ("court is to pass upon the validity of incumbrances before issuing a certificate" [citation omitted]). "Because '[t]he finality and unassailability of registered title is a cornerstone of the registered land system,' . . . the petition does not operate as a document in the chain of title for the purpose of creating an easement." Calci, 66 Mass. App. Ct. at 248-249, quoting Feinzig v. Ficksman, 42 Mass. App. Ct. 113, 116 (1997). See Butler, 347 Mass. at 484 ("we are not inclined to the opinion that the petition for registration constitutes part of such a decree").

We next examine whether the record shows the existence of an easement over Parcel I under two recognized exceptions to the general rule stated above. "If an easement is not expressly described on a certificate of title, an owner, in limited situations, might take his property subject to an easement at the time of purchase: (1) if there were facts described on his certificate of title which would prompt a reasonable purchaser to investigate further other certificates of title, documents, or plans in the registration system; or (2) if the purchaser has actual knowledge of a prior unregistered interest." Jackson, 418 Mass. at 711. Neither of these exceptions applies here.

5

Nothing in the Idlewild certificate of title would have prompted Idlewild to look for an easement within the land registration system in favor of the Mirtilli lots. As previously discussed, the Idlewild certificate of title contained no reference at all to the lots now owned by Mirtilli. Even if the certificate of title reference to the "ways" and the 1930 plan required Idlewild to look beyond the text of the title, see Jackson, 418 Mass. at 711 ("purchaser would be expected to review" plan referenced in certificate of title), the plan itself would prove to be a dead end because the Mirtilli lots are not within the plan. See Scagal v. Jones, 355 Mass. 208, 211 (1969) (where land conveyed with reference to plan, easement created only if clearly intended). To the extent Mirtilli argues that Idlewild had an obligation to continue searching for the easement, we disagree. Requiring a more robust search under these circumstances "would be directly contrary to the purposes of the Land Registration Act." Jackson, supra.

We also discern nothing in the record that shows Idlewild had actual knowledge of a prior unregistered easement in favor of the Mirtilli lots. Mere evidence that Idlewild knew the ways had been used by Mirtilli or its predecessors is insufficient because such use may constitute mere "permissive use" rather than an easement. Jackson, 418 Mass. at 714.

2. Parcel II. We have decided that the portion of the road passing through Parcel I is not subject to an easement in favor of Mirtilli's land. That road, however, continued through the unregistered Parcel II, where Mirtilli claims to have a prescriptive easement. We need not fully unpack the issue of that alleged prescriptive easement. "When a right in the nature of an easement is incapable of being exercised for the purpose for which it is created the right is considered to be extinguished" (citation omitted). Comeau v. Manzelli, 344 Mass. 375, 381 (1962). Thus, even if Mirtilli's lots could have theoretically acquired a prescriptive easement over Parcel II, the easement would lead to a dead end at the border of Parcel II and would be considered extinguished.

3. Parcel II alternative relief. As an alternative basis for relief, Mirtilli presses a claim that it has a prescriptive easement over a different unpaved road through Parcel II with access to North Shore Boulevard. We agree with Idlewild that this claim was not part of the complaint, and is not properly before us. No less than ten times, the complaint referred to a dispute over a single "easement." The complaint described this interest as "an easement by grant to cross Roos Road in Sandwich, from Spring Hill Road to their cranberry bogs across land owned by Id[le]wild Acres LLC." Especially given the reference to Roos Road, the complaint refers to a single alleged

7

easement over the road passing through Parcel I and Parcel II, not an alleged prescriptive easement over a different road through Parcel II (accessed from North Shore Boulevard).

A complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief, Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007), and "must be enough to raise a right to relief above the speculative level." Iannacchino, supra, quoting Bell Atl. Corp., supra at 555. At a minimum, the complaint must afford "fair notice to the defendant of the basis and nature of the action against him." Berish v. Bornstein, 437 Mass. 252, 269 (2002). See Whitehall Co. Ltd. v. Merrimack Valley Distrib. Co., 56 Mass. App. Ct. 853, 856-857 (2002) ("the complaint must put the adversary on notice of the essential elements of the claim the pleader intends to assert"). The prescriptive easement claim related to North Shore Boulevard is not only a different theory, but it also pertains to an entirely different unpaved road running through Idlewild's property. We conclude, therefore, that Idlewild did not have a fair opportunity to

8

address this claim below, and the claim is not properly before us.

Judgment affirmed.

By the Court (Blake, C.J., Hodgens & Toone, JJ.[2]),

*Paul Little*

Clerk

Entered:  July 23, 2025.

---

[2] The panelists are listed in order of seniority.